GREENLEAF L. SWETT & others vs. FRANKLIN P. SHUMWAY.

In an action on a written contract for the manufacture and delivery of "horn chains," oral evidence is admissible to show that the parties intended by "horn chains" chains made of hoof and horn.

At the trial of an action for the price of horn chains delivered to the defendant under a written contract not specifying their quality, the judge instructed the jury that the law did not imply a warranty that the chains should be of the first°quality, but did imply a warranty that they should be of a fair, merchantable quality and of good workmanship; and that if the plaintiff had not delivered articles of the kind and quality called for by the contract he could not recover. *Held,* that the defendant had no ground of exception.

In an action for the price of chains delivered to the defendant under a contract, evidence of the market prices of the chains delivered and of other qualities of chains is not admissible to show that the chains delivered were inferior in material and workmanship to the requirements of the contract, after the defendant has testified that he sold them at an advance on the contract price.

In an action on a contract, evidence that a witness of the defendant had improperly tried to obtain from the plaintiff his copy of the contract is admissible to show bias.

On a question whether, in a contract for the manufacture of horn chains, by "horn chains" were intended chains partly of hoof or chains wholly of horn, admission of the testimony of one of the parties to the contract, that he had experimented by putting horn rings and hoof rings together and that almost invariably the horn would break, forms no ground of exception, though the witness has previously testified that he was not a practised manufacturer, had only put together rings made by others, and claimed to know no more as to hoof or horn than any one else.

CONTRACT for goods sold and delivered. At the trial in the superior court, before *Morton,* J., the plaintiffs relied on a written contract, dated September 19, 1866, by which it was agreed that the plaintiffs " shall manufacture and deliver " to the defendant " all the horn chains they manufacture," at certain prices, and the defendant should receive and pay for 5000 yards of the chains after notice to the plaintiffs that he would receive no more goods. The defendant contended that the chains manufactured under this contract were of a material and of a workmanship inferior to that called for by the contract. It appeared that a large part of these chains were composed of round and of smaller oval links; that the oval links were of horn, but the round links of hoof; and that horn was in some respects a superior material to hoof.

The plaintiffs were allowed, against the defendant's objection, to put in evidence (which it is unnecessary to set forth in detail) tending to show that the plaintiffs had been manufacturing such

chains before the date of the contract; that they were called horn chains in the market; and that the defendant was informed and knew at the time of the contract that the chains manufactured thereunder were to be made partly of hoof.

The defendant testified, on cross-examination by the plaintiffs, that he sold the chains manufactured under the contract by the plaintiffs, at an advance of ten per cent. Afterwards the defendant offered to show " the price of first class chains of the same class as those described in the contract at its date;" also " the price in the market for horn chains from the poorest to the best;" also " what would be a fair price in the market" for the chains manufactured under the contract; also " how the quality of said chains compared with the quality of chains sold in the market at the price named in the contract;" and also " the difference of price in the market, at the date of the contract, between horn chains and hoof chains," but the judge refused to admit any of this evidence offered.

John Lincoln, called as a witness by the defendant, was asked on cross-examination, whether he did not offer Swett, one of the plaintiffs, $500 for the copy of the contract in his possession, after Swett had sold out his interest under the contract to the other plaintiffs; and the witness denied that he did so. Swett was afterwards allowed, against the defendant's objection, to testify that Lincoln made him the offer, and that he refused it.

Swett also testified on cross-examination, that he was not a practised hoof or horn manufacturer; that he only put together links which other people made; and that he had experimented a little, but did not claim to know more than any one else as to hoof or horn. On reëxamination he was allowed to be asked, against the defendant's objection, if he had ever made experiments in making hoof and horn rings, and he replied: " I have experimented by putting hoof and horn rings together; almost invariably the horn ring would break. These horn rings were not smooth. I continued to send them to market until there was no demand."

The defendant requested the judge to rule that the words " horn chains " in the contract were a warranty that the chains

should be composed of links made solely of horn, and the defendant was not bound to receive chains made partly of hoof and partly of horn ; that, if the jury should be satisfied upon all the evidence that the plaintiffs were to furnish chains of the first quality, the demand for the chains in the market generally, whether greater or less, or the fact that the chains manufactured by the plaintiffs were merchantable, did not affect or control the quality of chains which the plaintiffs were bound to manufacture.

The judge instructed the jury, " in substance, that the burden of proof was upon the plaintiffs to satisfy them that they had, in good faith, complied with the contract with the defendant, and delivered to him articles of the kind and quality called for by his contract ; that the expression in the contract, ' horn chains,' does not necessarily import a warranty that the chains should be made wholly of horn, but if there was an article called and known in the market as ' horn chains,' made partly of horn and partly of hoof, and the parties intended this article when they entered into the contract, it would be a compliance with the contract if the plaintiffs furnished such article ; that, there being no stipulation in the contract that the horn chains were to be of the first quality, the law does not imply a warranty that they should be of the first quality, but does imply a warranty that they should be of a fair merchantable quality and of good workmanship; and that, if the plaintiffs had not delivered articles of the kind and quality called for by the contract, the defendant was not obliged to receive or pay for them, and the plaintiffs could not recover for such articles."

The jury returned a verdict for the plaintiffs for the full amount claimed, and the defendant alleged exceptions.

*N. St. J. Green*, for the defendant.

*G. F. Hoar*, for the plaintiffs.

Colt, J.   It is a rule of interpretation, that the intention of the parties to a contract is to be ascertained by applying its terms to the subject matter.   The admission of parol testimony for such purpose does not infringe upon the rule which makes a written instrument the proper and only evidence of the agree-

ment contained in it. Thus, for the purpose of identifying the subject matter to which the written contract relates, parol testimony of that which was in the minds of the parties, and to which their attention was directed at the time, may be given. It may be shown that a sample, to which the terms of the contract are applicable, was exhibited or referred to in the negotiation, and other statements of the parties then made may be resorted to. The sense in which the parties understood and used the terms expressed in the writing is thus best ascertained. Accordingly, it has been recently held, in an action upon a written contract relating to advertising charts, that verbal representations as to the material of which the chart was to be made and the manner in which it would be published, although promissory in their character, were admissible. *Stoops* v. *Smith*, 100 Mass. 63. *Hogins* v. *Plympton*, 11 Pick. 97. *Miller* v. *Stevens*, 100 Mass. 518.

In the present case, the plaintiffs contracted with the defendant for the manufacture of articles described as "all the horn chains they manufacture." There was no express warranty as to quality or description; and the inquiry at the trial was, what article the words "horn chains manufactured" by the plaintiffs were understood by the parties to mean. The defendant contended that the words implied a warranty that the chains should be made wholly of horn, and that there was a failure to comply if part of the links were made of hoof; but the ruling of the court was, that if there was an article called and known in the market as horn chains, made partly of horn and partly of hoof, and the parties intended this article when they entered into the contract, it was sufficient. This ruling was right. There are many articles which are named from one of several different materials of which they are made. A contract, for example, to furnish gold watches or mahogany furniture would not be construed to require the whole watch to be gold, or the whole piece of furniture to be mahogany. In the admission of the evidence offered by the plaintiffs on this point, the true rule was applied by the court. And this disposes of very many of the numerous exceptions, of a similar nature, which appear upon this rec-

ord. It would be unprofitable to examine in detail the whole class to which it applies.

The further instruction of the court, that the law implied that the articles called for by the contract should be of fair merchantable quality and of good workmanship, but not that they should be of first quality, was sufficiently favorable to the defendant. It was left to the jury to find what quality and kind the plaintiffs were obliged to deliver under the contract. *Mixer* v. *Coburn,* 11 Met. 559. All the offers of the defendant to show the price of different qualities of chains in the market were properly rejected. No warranty can be inferred from price paid, and the plaintiff is entitled to the full benefit of his contract, without reference to the market price at the time or afterwards, or the course of the trade and manufacture of chains. The price in the market is not an element from which to determine whether the chains were up to the contract, and did not become admissible for such purpose, when offered, after testimony on cross-examination of the defendant, that he sold the chains, received of the plaintiffs, at an advance on the contract price.

Upon cross-examination of the defendant's witness Lincoln, he denied any attempt improperly to obtain the written contract in question from one of the plaintiffs. The subsequent examination of the same plaintiff, to show that such attempt was made, was properly allowed for the purpose of showing such a bias as would affect the credit of his testimony. *Day* v. *Stickney,* 14 Allen, 255.

The testimony of Swett as to the relative strength of hoof and horn rings, from knowledge which he had derived by actual experiment, was not objectionable. It was the statement of results which he had observed as matters of fact, and had some tendency to enlighten the jury upon the question at issue.

Other exceptions to the admission and rejection of evidence taken at the trial were not pressed at the argument, and need no notice here. The instructions given to the jury were all that the case required, and are not open to the defendant's exception; and the instructions requested were properly refused.

*Exceptions overruled.*