### SAMUEL CLEVERLY vs. REBECCA W. CLEVERLY.

Norfolk.   Jan. 25. — March 5, 1878.   ENDICOTT & SOULE, JJ., absent.

A testator, by his will, devised to his brother "the dwelling-house and stable which my said brother now occupies, and the lot of land on which said house and stable stand." In a writ of entry brought by the brother against the residuary devisee under the will, it appeared that the demanded premises, upon which stood a building used for a market, consisted of a portion of a tract of land, upon the rest of which stood the dwelling-house and stable mentioned in the will; that there was a passageway between the market and dwelling-house, used in common by the occupants of each; that the dwelling-house, stable and land, with the exception of a strip about the market, had been in the exclusive occupation of the demandant without payment of rent since 1853; and that for nearly the same time the market had been in the occupation of lessees of the testator and tenant. The judge admitted, against the demandant's exception, the testimony of the scrivener of the will, who testified that the testator, at the time of drawing the will, described the land occupied by the dwelling-house and market as separate pieces of property; and also admitted in evidence certain conveyances by the testator of the entire tract, describing it as land with a "dwelling-house and shop thereon," the term "shop" referring to the "market;" and found for the tenant. *Held*, that only the land, which had been used as parcel of the estate occupied as a dwelling-house and stable, passed by the will to the demandant, and that the evidence was properly admitted to identify the subject matter of the devise.

WRIT OF ENTRY, dated August 30, 1876, to recover a parcel of land in Weymouth. Plea, *nul disseisin*. Trial in the Superior Court, without a jury, before *Pitman*, J., who allowed a bill of exceptions in substance as follows:

The demandant claimed title to the demanded premises under the following clause in the will of Asa P. Cleverly, who died on July 22, 1871: "Second, After payment of my said debts and funeral expenses, I give to my brother, Samuel Cleverly, the dwelling-house and stable which my said brother now occupies in the town of Weymouth, Massachusetts, and the lot of land on which said house and stable stand, or all claim and title I may hold upon said house, land and stable, at the time of my decease."

The tenant is the residuary devisee under the will. The demanded premises, upon which stands a two-story building now used for a market and hall, are the northeasterly portion of a tract of land upon the rest of which stand a dwelling-house, stable and out-buildings, being the dwelling-house and stable men-

tioned in the second item .in the will. The market and dwelling-house both front on a public street, called Sea Street, with a passageway between them fourteen feet six inches wide, which passageway is divided from the land in front of the house, and between the house and the street, by a fence.

Previously to December 2, 1853, the demandant was seised in fee of the entire tract. By deed of that date, he conveyed it to the testator and another, and, after several conveyances and reconveyances between the grantees, the testator acquired title thereto, and retained it until his death. The dwelling-house and stable have been occupied exclusively by the demandant, from the year 1853 to the present time, without payment of rent. The demandant has also exclusively used during the same period the entire tract of land except that portion on which the market stands, a reasonable strip of land around the same, and the passageway. The building standing on the demanded premises was built in 1854, was originally used in part as a manufacturing shop, and has been used more recently as a market and public hall by lessees of the testator and tenant, and has never, either in whole or in part, been in the use or occupation of the demandant, with the exception of a partial use or occupation thereof during the first year after its erection, for which rent was not paid to the testator. Since the building of the market, the passageway has been, and still is, used in common by the occupants of the demanded premises and by the demandant to obtain access to the side and rear of both the dwelling-house and market, to the stable, and to the rear of the entire tract.

The demandant offered the evidence of the brother of Samuel and Asa P., who testified that when the said lot was deeded to himself and Asa P., in 1853, they paid no consideration for the same, excepting a mortgage upon said premises, and it was understood that the said estate should revert back to the said Samuel after they had finished using the same, and that the testator, in speaking of the entire lot to said brother, always referred to it as Samuel's (the plaintiff's) lot. This evidence was admitted under the objection of the tenant.

The scrivener of the will testified, in behalf of the tenant, that the testator, at the time he drafted the will, described to him the land occupied by and with the house, and the land by and

with the store, as two separate pieces of property.  The tenant also offered in evidence the only conveyances of the entire parcel, or any part thereof, made by the testator, in which the tract has been separately described; in the first of which the premises were described " as a certain lot of land " " with a dwelling-house, manufacturing shop, and other buildings thereon; " in the second, as a tract of land " with a dwelling-house and shop thereon ; " and in the third, as a tract of land with " a dwelling-house and shop thereon ; " and offered evidence tending to show that the descriptions were all of the entire tract of land, and that the dwelling-house mentioned in each of the conveyances was that mentioned in the second item of the will, and the terms " manufacturing shop " and " shop " referred to the building standing on the demanded premises.

The demandant objected to the admission of this evidence, but the judge admitted it, and the demandant excepted thereto.

Upon this evidence, the demandant contended that he was, as a matter of law, entitled to judgment; but the judge ruled otherwise, and ordered judgment for the tenant.  The demandant alleged exceptions.

*E. C. Bumpus*, for the demandant.

*E. B. Hagar*, for the tenant.

LORD, J.  The demandant claims title to the demanded premises under the will of his brother, Asa P. Cleverly.  The demanded premises, on which stood a market house, were not in the occupation of the demandant at the time of the making of the will, nor at the testator's death, and had not been at any time within twenty years of his death.  The demandant claims that, although the demanded premises would not pass under the phrase, " the dwelling-house and stable which my said brother occupies," the devise is enlarged by the use of the subsequent language, to wit, " and the lot of land on which said house and stable stand, or all the claim and title I may hold upon said house, land and stable at the time of my decease."  We cannot adopt this view, for, either with or without that language, nothing would pass by the devise, except that land which had been used as parcel of the estate which had been occupied as a dwelling-house and stable.  What is parcel of that estate is a question of fact, and that fact is settled by the finding of the presid-

ing judge. The only question for us to consider is, whether at the trial the judge allowed incompetent evidence in favor of the tenant to be introduced, and we are of opinion that he did not.

It is always competent to identify by parol the subject matter of a grant. It is not important to inquire whether the parol evidence is competent for the purpose of raising a latent ambiguity, to wit, what constituted the dwelling-house and stable and the lot of land on which they stood, and then to explain the ambiguity, or whether it is evidence offered for the purpose of identifying the subject matter of the grant, or for the purpose of applying the description in the grant to the surface of the earth. The result is the same, upon whichever ground it is based. If the devise had been simply of my Black Acre, parol evidence would be competent to show what tract of land constituted Black Acre. The evidence is not offered for the purpose of altering, varying, enlarging or diminishing the force of the language used in the devise. It is offered merely for the purpose of identifying the subject matter of the devise, and for this purpose the acts and declarations, and conveyances, by description, of the testator, are admissible. They do not tend to show that the words used in the will have any other than their ordinary and natural signification, and are not therefore subject to the objection that they tend to add to, to take from, or to change their meaning. The concise and satisfactory argument of the counsel for the tenant upon this point, and the authorities cited by him,* are conclusive. *Exceptions overruled.*

---

\* *Herbert* v. *Reid*, 16 Ves. 481. *Benson* v. *Whittam*, 2 Sim. 493. *Goodtitle* v. *Southern*, 1 M. & S. 299. *Aldrich* v. *Gaskill*, 10 Cush. 155. *Perkins* v *Jewett*, 11 Allen, 9. *Melcher* v. *Chase*, 105 Mass. 125. Wigram on Wills, §§ 9, 10, 76.