Parish v. Vance.

## Henry Parish and Osgood Welsh, Trustees, et al., v. William L. Vance et al.

1. LANDLORD AND TENANT—*Parol Evidence Admissible to Show What Was Intended to Pass by Demise.*—Parol evidence is competent to show what was said and done before, as well as after a lease was executed and delivered, in order to indicate what was intended to pass by the demise, and to identify the subject-matter of the lease.

Bill for an Injunction.—Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge presiding. Heard in this court at the March term, 1903. Affirmed. Opinion filed July 17, 1903. Rehearing denied October 13, 1903.

ALBERT MARTIN, attorney for appellants.

HAMLIN & BOYDEN, attorneys for appellees.

For the purpose of designating the subject-matter to which the written contract relates, parol testimony of that which was in the minds of the parties, and to which their attention was directed at the time of making the agreement, may be given. Swett v. Shumway, 102 Mass. 365; Cleverly v. Cleverly, 124 Mass. 317; Carey v. Thompson, 1 Daly (N. Y.), 35; Thomas v. Wiggers, 41 Ill. 470; Barrett v. Stow, 15 Ill. 423.

Parol evidence is always admissible to apply a written contract to the facts, or to show the extrinsic facts to which the contract relates, and its practical execution in reference to such facts. Spencer v. Babcock, 22 Barbour, 326; Thomas v. Wiggers, 41 Ill. 470; Barrett v. Stow, 15 Ill. 423; Carey v. Thompson, 1 Daly (N. Y.), 35.

Parol evidence is always admissible to ascertain the nature, extent and qualities of the subject-matter to which an instrument refers.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Appellees filed their bill of complaint to enjoin appellants from turning off the electric light on the premises known as rooms 1, 2 and 3 in the rotunda of the Royal Insurance Building, Chicago, and occupied by appellees as tenants of appellants under a written lease. The injunction was issued and this is the second appeal in this case from interlocutory orders entered in the Superior Court overruling motions to dissolve. The first of these was a motion to dissolve because of the alleged insufficiency of the bill of complaint and affidavit verifying it to warrant the issue of the injunction without notice. We have affirmed the action of the trial court in overruling that motion. The present appeal is from an order overruling a motion to dissolve the same injunction upon affidavits and answer, counter affidavits having been filed by complainants.

The facts have been sufficiently stated in the former opinion. Points raised upon that appeal are again presented in the briefs of the respective parties. It is not necessary to further consider those matters.

The question now is, whether or not the answer and affidavits of appellants, together with the counter affidavits filed by appellees, make a showing such that it became the duty of the trial court to grant a motion to dissolve the injunction in view of additional light thereby thrown upon the case. The answer denies that appellants or any of them ever stated that furnishing electric light was appurtenant

to the premises or included in the lease, and states that the only conversations had, if any, were with reference to electric light fixtures; that the light furnished during the first eight months of the lease was upon an implied understanding that appellants would be compensated for it at usual, reasonable and customary market rates. It is admitted that appellees were notified December 27, 1902, that the service would be discontinued on and after January 1, 1903. Appellants say that if complainants desire they can make arrangements with the Chicago Edison Company to furnish electric light; that the wires of said company are located within a few feet of appellants' building and connection could be made in a night after business hours; that it is feasible to have the premises lighted by gas; that appellants, after giving the notifications that the lighting would be discontinued January 1, 1903, informed appellees that if they desired, the light would be continued for a reasonable time, until the necessary substitution could be made, appellants expecting to be compensated therefor at usual and customary rates, which are about $20.25 per month; that complainants use about fifty-one lights and appellants can not furnish them light as heretofore, and keep up the service to their other customers; that appellees have an adequate remedy at law. It is charged that appellees use more light than necessary.

It appears from appellants' affidavits that appellees could obtain gas in the building by putting in the necessary fixtures, and that the electric light furnished by appellants to the former occupant of the same premises and to appellees as sub-tenants before the beginning of the term of the present lease, was pursuant to a special contract in that prior lease. Of this, however, appellees claim to have been ignorant, and state that they were expressly informed by appellants just prior to the execution of the present lease, that light, heat and janitor service would be furnished as before; that the rooms occupied by them under the lease were formerly the engine room of the building before being converted into offices, and that being situated without out-

side light, with low studded ceilings and surrounded by other offices, it is essential that they be lighted as they have been; that the service has been furnished up to December 27, 1903, without any request for payment, any intimation that a change would be made, or that the light would be cut off, and that no complaint that appellees were extravagant in its use had ever been made; that in fact appellees had been using under the present lease less light than under the former.

It appears that since the suit was instituted, apparently appellants have authorized and licensed the Chicago Edison Company to enter upon their premises to make connections so as to be able to furnish appellees electric light if so desired.

It is claimed by appellants that since the Chicago Edison Company is now willing and has been authorized to furnish appellees electric light service the only injury appellees could suffer would be the rental value of the lights and that their remedy for any damage thus occasioned would be adequate at law. It appears, however, that when the bill was filed and injunction issued, no such service was possible as conditions then existed, that company having no license to enter upon appellants' premises so far as appears. This arrangement seems to have been an afterthought of appellants, and so far as appears appellees had no adequate remedy at law at that time. The court's jurisdiction over the parties and the subject-matter can not be diverted because of subsequent arrangements so made by the defendants. At the time the bill was filed, appellants were about to shut off the light they had been furnishing without objection for about eight months, claimed to be appurtenant to the leased premises, and were about to do this without providing any substitute or means by which appellees could lawfully obtain a substitute. The latter had no anthority to run wires over appellants' premises, nor so far as appears to make connections with gas mains, though it does not clearly appear whether this could have been done on the leased premises, and without injury to the building or not. There were, however, no gas fixtures.

Whether the furnishing of the electric light was an appurtenance passing under the terms of the lease is a controverted point.    The question is as to the intention and design of the parties, and what was said and done with reference to the subject.    It is not a question of the propriety of attempting to vary the terms of a written instrument by evidence of previous conversations had before the instrument embodying the final conclusion of the parties was executed.    The intention of the parties with reference to whether the light was included in the appurtenances granted by the lease may be gathered from the attending circumstances, and these can be shown by parol evidence. Thomas v. Wiggers, 41 Ill. 471-477, *et seq.*, and cases there cited.    It has been held that parol evidence is competent to show what was said and done before as well as after a lease was executed and delivered, in order to indicate what was intended to pass by the demise, to identify the subject-matter of the lease.    Carey v. Thompson, 1 Daly, 35; Cleverly v. Cleverly, 124 Mass. 317; Swett v. Shumway, 102 Mass. 365.

We find no error in the refusal of the court to dissolve the temporary injunction, and the order is therefore affirmed.