Albert Fuchs, Defendant in Error, v. Henry Koropp et al., Plaintiffs in Error.

### Gen. No. 14,652.

LANDLORD AND TENANT—*what not part of demised premises.* *Held,* under the terms of the lease in question in this case and under the evidence, that a barn and the privilege of access to an alley through the back door of a greenhouse were not included in "appurtenances" and that the removal of such barn and the exclusion of such privi-lege of access amounted to neither a total nor partial eviction which would defeat the recovery of rent.

Forcible detainer. Error to Municipal Court of Chicago; the Hon. WILLIAM W. MAXWELL, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed November 22, 1909.

Statement by the Court. This is an action in forci-ble detainer brought by defendant in error, herein called plaintiff, against the plaintiffs in error, herein called defendants, to recover possession, because of non-payment of rent, of certain premises leased to de-fendants in June, 1905. The defendants admit non-payment of rent after the month of February, 1908, and refusal to pay the rent subsequently due under the lease, claiming that they have been evicted from a sub-

stantial part of the demised premises and were not liable for rent until restored to full possession of the premises in dispute.

The lease dated June 22, 1905, conveyed premises described as follows:

"The green houses, palm house and store as they are today, together with all appurtenances situated on Lots 4 and 5 in Kerfoot's Subdivision of part of the northeast quarter of Section 20, Township 40 North, Range 14 East of the third principal meridian, for the term of five years beginning the first day of July, 1905, and ending the 30th day of June, 1910, at a monthly rental of sixty-five dollars for the first three months and seventy dollars for the remaining fifty-seven months of said term."

There are other provisions not now material. In addition to the greenhouses, palm house and store mentioned in the description of the demised premises there was a wooden building with a shed or sheds which had been used previously by the lessor as a stable and as a wagon and potting shed, in which he had kept among other things a horse and wagon which were sold to the defendant Koropp by the plaintiff and conveyed by a bill of sale of the same date as the lease. These buildings, referred to hereinafter as the barn, were about fifty feet south of the premises specifically described in the lease. On the day after the date of the lease the defendant Koropp took possession of the leased premises and also occupied, without objection from the lessor, the barn in controversy. There was no interference with defendant's use of this barn for some months, until a contractor putting up a building for the plaintiff began tearing down the barn. The defendant objected to tearing it away, claiming that it was included as an appurtenance in the premises leased to him. The barn was however taken away and the plaintiff erected a large apartment building in part over the ground formerly occupied by the barn. The barn was not the only structure on said lots four and

five at the time the lease was made. There was a residence occupied at the time and also "an old shack" in the rear occupied by a tenant in the employ of the plaintiff. It is not claimed that these last mentioned structures were included as appurtenances or otherwise in the lease.

In January, 1908, the defendant Koropp assigned the lease to the defendant Illingworth. The Municipal Court entered judgment in favor of the plaintiff for possession of the premises, from which the defendants prosecute this writ of error.

GEORGE W. HESS, for plaintiffs in error.

CAMPE & KOEBEL, for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is contended in behalf of the defendant that the barn referred to was a part of the leased premises and that the taking possession of it and removing it constituted an eviction of the defendant from a substantial part thereof. It is further claimed that the act of the plaintiff about the time the lease was made, in barring egress from a rear door of the greenhouse included in the premises described in the lease, from which door a cement walk then extended to an alley in the rear of the lots mentioned in the lease, thus excluding the defendant from access to the alley, amounted to a partial eviction.

The lease in question demised "the greenhouses, palm house and store as they are today, together with all appurtenances, situated on Lots 4 and 5," and it is claimed that the barn and the privileges of access to the alley through a back door of the greenhouse were included in these "appurtenances." Whether they were such appurtenances or not is a question of fact. It appears from the evidence that the plaintiff has erected a large apartment building which covers the

rear 75 feet of lots 4 and 5, upon the front part of which lots are the demised premises, and that said building also covers the site of the barn. It is admitted by the defendant Koropp in his testimony that "when we made the lease Mr. Fuchs told me he was going to put a big apartment building there." He states, however, that he did not know where the building was to be placed, although he knew one was to be put "on the corner here," but did not know where the other was to be. If he considered the barn in his rear and access to the alley as appurtenances under his lease, it is singular that he did not seek definite information. He occupied the premises and paid the rent provided for by the lease for more than two years after the plaintiff took away the barn in controversy and barred egress from the back door of the greenhouse, without making any objection apparently during that time, and until after expensive buildings had been erected on the premises where the barn originally stood. It does not appear therefore that the barn was at all necessary to the prosecution of the defendant's business upon the premises described in the lease. It was used by him at first for a few weeks with plaintiff's apparent consent to keep his horse and wagon in, as the plaintiff had done before him when carrying on business in the greenhouses that then stood on the adjacent grounds. The defendant Koropp testifies that plaintiff told him when the lease was made the barn was included, that "the barn went with it and I could use the whole place until he put up the building." He knew therefore that the proposed building would interfere with his use of a part of the "place." There is testimony tending to show that the barn was only "partly on lot 5, with the lowest part of it, the north line of it, about three or four feet, the rest of it on lot 6." It is said this is disputed by the testimony of a mason contractor, but his testimony set forth in the abstract does not so indicate. The lease does not purport to demise any part of lot 6 nor any struc-

tures that might be on it. It is rather a violent presumption that the "appurtenances" of the premises described in this lease included adjoining land not therein referred to.

The plaintiff did not lease to the defendant all the premises which he had used in the business formerly conducted by him on part of the leased premises before he sold out to the defendant Koropp. Plaintiff's business had been conducted in a "very large greenhouse" covering "several lots 4, 5, 6 and 7," and he removed this large greenhouse and other buildings before the lease in question was made. It is not possible therefore to reach the intention of the parties as to this barn "by showing a previous holding of the premises and what the plaintiff enjoyed under it," as in Thomas v. Wiggers, 41 Ill. 470, cited by defendant's attorneys. While it is generally true that a demise of premises for residence purposes, describing them by street and number, would probably include as appurtenances a barn and stables on the rear of the lot on which the residence stood, the same rule would not necessarily apply to business property, especially where as in the case at bar, the barn and shed were apparently only partly on the land described in the lease. We think the rule here applicable is correctly stated in Patterson v. Graham, 140 Ill. 531, viz.: "that by construction the lease carried so much of the lot on which the building stood as was necessary to the complete enjoyment of the building for the purpose for which it was rented." Applying this rule, it is we think apparent that the barn and buildings in question were not necessary to the complete enjoyment of the leased premises. The defendants have carried on their business there for years since the barn was removed without complaint and with no claim based on evidence that their enjoyment of the premises described in the lease has not been complete, notwithstanding the taking away of the barn and the shutting off of access to the alley by the rear door of the greenhouse and

later by the erection of the building now covering the rear of the lots.

We are of opinion therefore for reasons indicated that the buildings and privileges in controversy were not appurtenances of the leased premises and were not within the meaning of that term as used in the lease. It follows there was no eviction and the judgment of the Municipal Court will be affirmed.

*Affirmed.*