**Jacob Shapiro, Appellee, v. M. U. Masor, Appellant.**

### Gen. No. 31,009.

1. LANDLORD AND TENANT—*admissibility of parol evidence to show intent of parties as to scope of term "appurtenances" in demise thereof to tenant.* On a motion to vacate a judgment for rent entered by confession under power of attorney in a written lease which demised to the defendant certain premises and "appurtenances," defendant claiming to have been evicted from the premises by being deprived of the use of a certain shed thereon, parol evidence was admissible to show what was intended by the parties to be included under the term "appurtenances" in the lease.

2. JUDGMENTS—*sufficiency of affidavit supporting motion to vacate judgment by confession to show existence of issue of fact.* A motion to vacate a judgment for rent entered by confession under power of attorney in a written lease which demised to the defendant certain premises was erroneously denied where the affidavit supporting such motion sufficiently presented a question of fact, to wit, whether the acts of the landlord therein stated amounted to an eviction of the defendant as of the date when the rent for which judgment was entered began to accrue.

Appeal by defendant from the Municipal Court of Chicago; the Hon. T. F. EHLER, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1926. Reversed and remanded. Opinion filed October 11, 1926.

BROWN & ALSCHULER, for appellant; JESSE H. BROWN, of counsel.

MAX KRAUSS, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Defendant appeals from an order overruling his motion to vacate a judgment against him for $1,361.20 entered by confession under power of attorney in a written lease from plaintiff to defendant. The lease was for a period beginning July 1, 1923, and ending June 30, 1933. Defendant vacated the premises October 1, 1925, claiming an eviction by the landlord. Judgment was for rental after that date.

Whether or not there was an eviction depends upon the premises demised by the lease, in which they are described as:

"The store floor only of building known as 7640-42 North Paulina Street, otherwise meaning the north double store of new building at above address, to be occupied for the sale of drugs and such other merchandise as is usually handled by a high grade drug store."

The lease contained the further provision that:

"Lessee shall share the pro rata part of all water rates levied or charged upon the building in which said demised premises are situated, and in case said water rates shall not be paid when due, lessor shall have the right to pay the same, which amount so paid, together with any sums paid by lessor to keep said premises and their appurtenances in a clean and healthy condition, as hereinbefore specified, are hereby declared to be so much additional rent and shall be due and pay-

able with the next installment of rent due thereafter under this lease."

Defendant's affidavit supporting his motion to vacate the judgment sets forth:

"That he took possession of the said premises on or about the said date and that the said premises consisted of a store with a shed built in the rear of said premises for the use of the tenant of said store as a storage room wherein to store his merchandise and coal and that he so used the said premises and said shed until about the 1st day of June, A. D. 1925, upon which said last mentioned date the plaintiff caused said shed to be entirely removed against the will and without the consent of the defendant, and erected thereon a garage which he rented to other tenants and said plaintiff then and there promised and agreed to proceed immediately to provide this affiant with other storage facilities, and although often requested so to do, said plaintiff failed and refused to provide said facilities and it became necessary for this affiant to vacate said premises on account thereof, and he did vacate said premises on the 1st day of October, A. D. 1925."

Parol evidence may be received for the purpose of determining what premises pass under a lease. This is not for the purpose of varying the terms of a written instrument, but of arriving at the intention of the parties with reference to the subject matter of the lease. Previous conversations and circumstances may be shown to ascertain whether certain things were included as appurtenances. *Parish v. Vance*, 110 Ill. App. 57; *Thomas v. Wiggers*, 41 Ill. 470; *Cleverly v. Cleverly*, 124 Mass. 314; *Swett v. Shumway*, 102 Mass. 365.

An appurtenance is "a thing used with, and related to or dependent upon, another thing more worthy, and agreeing in its nature and quality with the thing whereunto it is appendant or appurtenant."

(2 Amer. & Eng. Encyc. of Law, 2d Ed., 521.) *Jarvis v. Seele Milling Co.*, 173 Ill. 192. It is not necessary in order that appurtenances will pass thereby that the grant of conveyance contain the word "appurtenances." *Shelby v. Chicago & E. I. R. Co.*, 143 Ill. 385.

In the instant case the lease contains the word "appurtenances," and it is proper to show by parol what was intended by the parties to be included as an appurtenance.

Whether the act of the landlord in removing the shed was an eviction was a question of fact. 16 R. C. L. "Landlord and Tenant," sec. 174; *Patterson v. Graham*, 140 Ill. 531; *Rubens v. Hill*, 213 Ill. 523.

We are of the opinion that the affidavit presented a question of fact which defendant was entitled to have tried by a jury, and that the court was in error in denying his motion to vacate the judgment. The judgment is therefore reversed and the cause remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*

MATCHETT and JOHNSTON, JJ., concur.