[Civ. No. 15392. Second Dist., Div. Two. Nov. 6, 1946.]

ANTHONY VON ROHR, Appellant, v. J. W. NEELY, Respondent.

Anderson & Adam, Chester B. Anderson and Harvey M. Johnson for Appellant.

Harold M. Davidson for Respondent.

WILSON, J.—This appeal is a sequel of the refusal of the trial court to receive parol evidence for the purpose of re-

vealing the meaning of the term "appurtenances" in a lease.

In June, 1945, respondent's predecessor in ownership executed a lease in writing to appellant for premises described only as "130 East Garvey Boulevard, El Monte, . . . together with the appurtenances" for use as a coffee shop or lunch room. The building is approximately in the center of the lot and is situated about 32 feet from its front line, with an unoccupied area of about 30 feet on each side of the building. The vacant portion of the lot is used by appellant's patrons for parking their automobiles. Appellant maintained a large electric sign on the front of the lot advertising his place of business. The real property was conveyed by the lessor to respondent who, without the consent of appellant, removed the sign and commenced an excavation on the front of the lot in preparation for the erection of a real estate office. Appellant brought this action for the purpose of obtaining an injunction restraining respondent from continuing his building operations and from interfering with appellant's use of the property. From a judgment in favor of defendant plaintiff appeals.

Appellant contends that the vacant area surrounding his coffee shop is included in the term "appurtenances" in the lease, and respondent maintains that the lease covers only the building and the private garage at the rear which is specifically mentioned in the lease.

When the case came on for hearing the trial judge invited counsel for the parties into his chambers where he and counsel discussed the theory of the case. The judge stated that in his opinion "the terms of the lease were clear and were not susceptible to interpretation" and that he would not permit the introduction of any testimony to explain or interpret its provisions. The case was then called in open court where the lease, a sketch of the premises, and photographs were introduced in evidence. Defendant made a motion to exclude any evidence on the ground that the terms of the lease were clear and not subject to interpretation. The motion was granted.

Appellant offered to introduce evidence to show that the property had been used for many years as a "drive-in" restaurant, that it was so used at the time the lease was made, and that it was the intent of the parties that its use should be continued in the same manner and for the same purpose. The court rejected the offer.

■ Webster's New International Dictionary defines an appurtenance as "that which belongs to something else; . . . something annexed to another thing more worthy." A thing is appurtenant to something else when it stands in the relation of an incident to and is necessarily connected with the use and enjoyment of the principal (*McClintic-Marshall Co.* v. *Ford Motor Co.*, 254 Mich. 305 [236 N.W. 792, 795, 77 A.L.R. 807]; *Catterall* v. *Pulis*, 137 Okla. 86 [278 P. 292, 294]) and agreeing in its nature and quality with the thing to which it is appendant or appurtenant. (*Mattix* v. *Swepston*, 127 Tenn. 693 [155 S.W. 928, 930]; *Shapiro* v. *Masor*, 242 Ill.App. 63, 65.) Appurtenances are things belonging to another thing as principal and which pass as incident to the principal thing. (*Joplin Waterworks Co.* v. *Jasper County*, 327 Mo. 964 [38 S.W.2d 1068, 1076]; *Whittelsey* v. *Porter*, 82 Conn. 95 [72 A. 593, 596].)

■ Nothing passes by the word "appurtenances" except such rights or privileges as are strictly necessary and essential to the proper enjoyment of the estate granted, and a mere convenience is not sufficient to create such a right or easement. (*Henry* v. *Breyer*, 151 Ill.App. 566, 569.) ∙ ■ But what is included in a lease demising houses and a store together with all appurtenances situated on certain lots is a question of fact. (*Fuchs* v. *Koropp*, 151 Ill.App. 612.) Parol evidence is admissible to show what was said and done after as well as before the execution of the lease in order to indicate what was intended by the parties to be included as an appurtenance. Such evidence is not to be received for the purpose of varying the terms of the written instrument, but of arriving at the intention of the parties with reference to the subject matter of the lease. Conversations had by appellant with the lessor and with respondent, together with evidence of circumstances and occurrences that will aid the court, may be shown for the purpose of ascertaining whether the things claimed by the lessee were intended to be included as appurtenances. (*Shapiro* v. *Masor, supra; Parish* v. *Vance*, 110 Ill.App. 57, 61; *Thomas* v. *Wiggers*, 41 Ill. 470, 478; *Cleverly* v. *Cleverly*, 124 Mass. 314, 317; *Swett* v. *Shumway*, 102 Mass. 365, 368 [3 Am.Rep. 471].)

It is obvious that the intent of the parties in using the term "appurtenances" in the lease in question cannot be ascertained from a mere reading of the document. The court

was in error in refusing to admit the explanatory evidence tendered by appellant's offer of proof and such other evidence as might have been offered by either party.

It is equally obvious that the extent of the property described by a street number is uncertain. Was it intended that the lessee should have possession of the building and its street frontage and no more, or of a part of or all the surrounding vacant property to be used for parking the automobiles of his patrons? The latter construction would not be unreasonable in view of the difficulty encountered in parking cars in the public streets, but this question as well as the other will be more readily answered when the evidence is heard.

Judgment reversed.

Moore, P. J., and McComb, J., concurred.