[Civ. No. 19132.   First Dist., Div. Two.   Aug. 1, 1960.]

ERNEST BLUMENTHAL, Respondent, v. SAMUEL R. NEIDER, Appellant.

George M. Naus, Harold B. Lerner and Thelen, Marrin, Johnson & Bridges for Appellant.

Michael Riordan and S. Lee Vavuris for Respondent.

STONE, J. pro tem.*—This is an appeal from a judgment for rent due under the terms of a lease of real property. Appellant prepared an offer to lease two storerooms from respondent for a period of 10 years, which offer respondent accepted. The question presented by this appeal is whether appellant personally leased the premises or whether he was acting on behalf of a corporation to be formed. The agreement reads as follows:

[1] "I hereby offer to lease ground floor stores known as 86-90 Market St., San Francisco, for the following period, upon the following terms and conditions and for the following use, to-wit:

[2] "Period of lease shall be 10 years. Rental under lease shall be $650.00 per Mo., payable monthly in advance.

[3] "Lease period and rental shall commence as of the date I open for business, or 90 days after premises are available, whichever date is the earlier.

[4] "I agree to install fixtures and equipment in premises of a cost value of not less than $20,000 and agree to give lessor a chattel mortgage to secure performance of lessee' [sic] obligation on all fixtures and equipment when installed.

[5] "The expense of remodeling and redecorating premises for lessee's use shall be borne by lessee and lessee shall first submit plan of proposed alteration and secure lessor's approval thereof before undertaking work.

[6] "Lessee shall use premises for a place of public entertainment and club and for the sale of food and refreshments and merchandise including alcoholic beverages.

[7] "It is the intent hereof that Samuel R. Neider shall not be the lessee but that the corporation to be formed shall be the sole and only lessee.

[8] "I enclose herewith check in the sum of $650.00 to be applied on first month's rental.

[9] "10-day period allowed for the acceptance of this offer."

Appellant personally paid the $650 monthly rental up to and including January, 1955. The judgment is for rent which accrued between that date and expiration of the lease March 4, 1957. Appellant contends that he was not the lessee but that he was acting on behalf of a corporation as provided in paragraph [7] of the agreement. He denies that it was ever the intent of the parties that he should personally assume the obligations of the lease. During the trial the court found the document to be ambiguous and admitted extrinsic evidence as

---

*Assigned by Chairman of Judicial Council.

an aid to the interpretation thereof and to determine whether appellant as an individual was the lessee. The extrinsic evidence revealed that appellant, before drafting and forwarding the offer which became the lease when accepted, had entered into an agreement with the secretary of the Railway Clerks Union to form a corporation and operate a club for union members on the leased premises. About the time respondent accepted the offer to lease, the union secretary lost his job and the plans for a club failed to materialize. Although a paper corporation called the California Railway Employees Club was formed, it never occupied the premises. Appellant personally paid the rent for nearly seven of the 10 years covered by the lease and took a deduction therefor on his personal income tax return. Appellant also subleased the property to four different lessees during the seven-year period. He collected the rent from the sublessees and entered into agreements to share in the proceeds of the sublessees' businesses. He appropriated all money collected from sublessees to his own use. No record of any subleases, rentals received or paid were kept or maintained by any corporation.

Appellant contends the court erred by admitting extrinsic evidence in violation of the parol evidence rule. His position is that the document is clear and unambiguous, therefore the interpretation must be confined to the writing itself. If appellant is correct, error was committed since the trial court's findings are predicated for the most part upon events which occurred subsequent to the execution of the document. ▮ We believe, however, that the writing is ambiguous. The first sentence reads "I hereby offer to lease . . ." Following that appellant states his conditions, one being "I open for business . . . 90 days after premises are available," "I agree to install fixtures. . . ." Then in paragraph [7] he states "It is the intent hereof that Samuel R. Neider shall not be the lessee but that the corporation to be formed shall be the sole and only lessee." He next writes "I enclose herewith check . . ." Not only is there a conflict between the rest of the document and paragraph [7] but under appellant's interpretation of paragraph [7] there is a question as to whether the document itself is a lease or an option to lease to a corporation to be formed. We think the trial court was justified in admitting extrinsic evidence to aid it in interpreting the document (*Von Rohr* v. *Neely*, 76 Cal.App.2d 713, 715 [173 P.2d 828] ; *Union Oil Co.* v. *Union Sugar Co.*, 31 Cal.2d 300, 306 [188 P.2d 470] ; Witkin, California Evidence, p. 413).

Aside from the question of ambiguity and the interpretation of the document, most of the evidence to which appellant objects was admissible on another ground. One issue was whether the agreement had in fact been performed. A determination of whether or not the controversial paragraph [7] had been carried out required evidence of the subsequent acts of the parties, particularly appellant. Also pertinent was evidence concerning whether respondent lessor ever had notice that a corporation had been formed and had assumed the performance of the lease. We find no error in the court's admission of evidence of the acts of the parties subsequent to the execution of the writing.

The court found that appellant was the lessee and that he obligated himself to pay the rent accruing under the terms of the agreement. The record reflects that a corporation was in fact formed but that it was a mere paper transaction. Appellant's attorney had prepared articles of incorporation for another client who failed to use them, and these were adapted for appellant's purposes. But the corporation never took possession of the property in question. What occurred is best explained by the following excerpt from appellant's testimony:

"THE WITNESS: Well, I built this place to lease it to the union, and the officers of the union are the ones that—are the first officers of the California Railway Employees Club, but Mr. Gaynor, who had spearheaded this deal to have—the union of a club across the street, together with the credit union, which did occupy the premises, he lost the election as Secretary of the—of the Clerk's Brotherhood Union, and the thing blew up and I had no tenant, and that was my disaster." This "blow up," as appellant described it in his testimony, occurred at the outset and the union club never occupied the premises nor paid the rent.

Appellant justified his personal control over the property, the paying of rent and deducting it from his income tax as a business expense, the execution of subleases and otherwise exercising personal control over the property by contending that he was acting for the corporation as its *alter ego*. The record refutes this argument since just before this action was instigated, and nearly seven years after the lease was executed, appellant assigned the lease from himself to the very corporation on whose behalf he purportedly had been acting. The assignment reads as follows:

"FOR VALUE RECEIVED, SAMUEL R. NEIDER hereby assigns to

CALIFORNIA RAILWAY EMPLOYEES CLUB, a California corporation, all of the right, title and interest of the assignor in that certain lease agreement evidenced by letter dated March 3, 1947, addressed to Lang Realty Co., accepted March 4, 1947, by Ernest Blumenthal, offering to lease the ground for stores, known as 86-90 Market Street, San Francisco, California, for a period of ten (10) years, at $650.00 per month, said corporation to become the sole and only lessee in accordance with the aforesaid agreement.

"DATED this 10th day of February, 1955.

/s/ Samuel R. Neider"

There is sufficient evidence of a substantial nature to support the finding of the trial court that appellant was in fact the lessee of the premises (Samuels v. Ottinger, 169 Cal. 209 [146 P. 638, Ann.Cas. 1916E 830]).

Appellant did not execute a chattel mortgage covering the fixtures and equipment in favor of respondent to secure the payment of rent as provided in paragraph [4] of the lease. However, he contends that after the expiration of the 10-year term of the lease, he gave respondent a "quitclaim" to the personal property on the premises in consideration of a full settlement of all claims respondent might have against either appellant or the corporation. Respondent testified that appellant made such an offer but that he refused the offer and did not accept the personal property. He testified that he advised appellant that the fixtures were of no use to him, that they would hinder him in leasing the property, and for appellant to remove them from the premises or pay storage. The issue was purely one of fact for the trial judge, who found against appellant. The record reflects evidence of a substantial nature to support the finding. This court may not reweigh the conflicting evidence (Berniker v. Berniker, 30 Cal.2d 439, 444 [182 P.2d 557]; Estate of Bristol, 23 Cal.2d 221, 223 [143 P.2d 689]).

The judgment is affirmed.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied August 31, 1960, and appellant's petition for a hearing by the Supreme Court was denied September 20, 1960.