*JOSE M. RAMIREZ, RESPONDENT, v. THOMAS     [245]
J. McCORMICK AND ISAAC MEERS, APPEL-
LANTS.

LEASE—RIGHT OF WAY.—The owner of a building leased a portion of it. There was access to the part reserved without going through the part leased. *Held* that the lessor had no implied right of way to the part reserved through any portion of the lessees premises.

APPEAL from the Tenth Judicial District.

The plaintiff leased to the defendant the first story of a building to be erected. He reserved to himself eight feet in width by thirty in depth. The cellar was to be finished by the plaintiff, and the first story was then to be erected by the defendant. The plaintiff had the privilege, by the lease, of building additional stories for his own benefit. The eight feet reserved gave him access to the cellar, but finding that he could have a better entrance to the cellar at another place, he attempted to make the entrance there, and being prevented by the defendant, he brought this suit for the recovery of the premises, on the ground that the lessee had forfeited them by a breach of one of the conditions of the lease, and also for damages for the obstruction of the passage to the cellar.

The defendant moved for a nonsuit, which was refused.

The Court instructed the jury that the plaintiff had a right to a passage way to the cellar, at any part of the building, and could recover damages of the defendants for obstructing the making of the passage way to the cellar and closing it up. The defendants excepted to the ruling of the Court, and judgment being rendered against them for $516 66 damages, they appealed.

*Stephen J. Field,* for Appellants.

*Charles H. Bryan,* for Respondent.

[246]     *Mr. Justice HEYDENFELDT delivered the opinion of the Court. Mr. Ch. J. MURRAY concurred.

There is no stipulation in the lease as to the point at which the plaintiff may have an entrance to the cellar, nor indeed is anything said about it. He is certainly to have the use and enjoyment of the cellar, and if no part of the premises within reach of the cellar had been reserved to him, the only question would be, whether the point selected would be least injurious to the defendants. But in express terms he has reserved a space of eight feet in width at one end of the building, from which space the cellar can be reached, and it follows, naturally, that without an express stipulation which would entitle him to enter through the premises of the defendants, he must seek an entrance upon his own ground.

It is argued that this eight feet was intended to be a part of the building, and also, that it was designed for a stairway to upper stories which the plaintiff had the right to build. But all this is mere conjecture. The lease does not say so; and so, if the plaintiff has a legal claim to have an entrance through the defendants' premises to the cellar, merely implied from the right he reserved to occupy the cellar, why may he not also claim the right of a stairway to the upper stories, when built, through the defendants' stores ? To as full effect as in the case of the cellar, he has reserved the right to build these stories, and that would just as strongly

imply the right to reach them, so as to enjoy their use. For aught that we can see, the eight feet passage may be sufficient for both an entrance to the cellar and a stairway to an upper story, if one is built, and if it is not, the plaintiff must abide the consequences of his contract.

The Court erred in charging the jury that the plaintiff had a right to a passage way to his cellar, wherever he chose to construct it, and therefore the judgment is reversed, and the cause dismissed.