[Civ. No. 3682. First Appellate District, Division One.—February 17, 1921.]

## TREFON HARRISON et al., Appellants, v. MARY ZIEGLER, Respondent.

[1] LANDLORD AND TENANT—IMPLIED EASEMENTS.—Rights and easements may and do pass to lessees by implication, but where the express words of the grant are not sufficient, implication which supplies those words flows either from a reasonable necessity, or, considering all the circumstances, from the manifest intention of the parties.

[2] ID.—LEASE OF PREMISES ADJOINING HOTEL—USE OF TOILET FACILITIES—EASEMENT NOT IMPLIED.—Where an owner of a hotel building leased an adjoining building also owned by him for a cafe and restaurant, and no mention was made in the lease of a doorway opening from a hallway into the restaurant, or of the use of such doorway or of the use of a toilet and lavatory-room in the rear of the hotel premises, the use of the door, passageway, and toilet facilities in connection with the lessees' business was merely a convenience, but was not necessary to the beneficial use of the property, and therefore the lessor could not be enjoined from closing the same.

APPEAL from a judgment of the Superior Court of Orange County. R. Y. Williams, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. B. Coil for Appellants.

H. V. Weisel for Respondent.

WASTE, P. J.—Plaintiffs, as lessees of a certain building used as a restaurant and cafe, seek to enjoin the defendant, the surviving lessor, from interfering with the beneficial use of the leased premises. A temporary restraining order issued against the defendant was dissolved upon the trial of the cause. Judgment was entered for the defendant, and the plaintiffs appeal, contending that the evidence amply supports the allegations of their complaint and entitles them to the relief sought.

The defendant, Mary Ziegler, is the surviving wife of John Ziegler, deceased, and is the owner of the Valencia

Hotel in the city of Anaheim. This building has its main entrance on Center Street, in that city, and the easterly portion of the ground floor of the hotel was formerly equipped for the purpose of and was used as a saloon until January 1, 1919. On or about February 1, 1917, defendant and her husband leased to plaintiffs for a term of five years, under a written lease, a building adjoining the hotel on the east side and next door to the saloon, which structure also has its main entrance on Center Street, and in which premises the plaintiffs are conducting a restaurant known as the Valencia Cafe. The leased premises are described in the lease as "the room known as the 'Valencia Cafe,'" and the lease further provides that the lessees are to have and enjoy uninterrupted occupancy of said room known as the Valencia Cafe during the term of the lease.

The barroom in the hotel building extends back to a hallway, which also connects with the rear part of the lobby of the hotel, and from which access is had to a toilet and lavatory located in the rear of the building. At the time the lease was entered into there was, and is now, a doorway opening from the easterly end of this hallway into the restaurant premises of the plaintiffs. Upon the advent of national prohibition the defendant, in remodeling the premises formerly used as a saloon, planned to remove the toilet and lavatory, and sought to close, and had actually begun the work of closing, the hallway and door leading to the restaurant. Thereupon plaintiffs brought this action, seeking to enjoin the defendant from proceeding with the work.

No mention is made in the lease between the parties of the doorway opening from the hallway into the restaurant, or of the use of the doorway; neither is the use of the toilet and the lavatory-room in the rear of the hotel premises by plaintiffs, or by their patrons, provided for in the lease. Appellants contend, however, that the hallway and the door leading therefrom into the cafe are appurtenant to the restaurant premises and were intended to be covered by the lease. They also claim that the washroom and toilet were reasonably necessary and essential to the enjoyment of the leased premises. In support of their position evidence was introduced, the effect of which was that during the negotiations leading up to the signing of the lease, John Ziegler,

who appears to have been acting in the premises for himself and his wife, showed the plaintiffs the door leading from the restaurant premises, the passageway and the adjacent toilet facilities, and assured plaintiffs that they would have access to and use of the same and have the "same privileges as other people." Other testimony would indicate that there was no such express promise, but merely an "understanding" that certain "privileges" enjoyed by former lessees were to be "transferred." Some other features were discussed, including the use by plaintiff of a sample-room in the hotel for serving special parties. Ziegler also said that plaintiffs could use a part of the garage on the premises for a storeroom, when he did not want to put his car in there.

It is in evidence that at one time Mrs. Ziegler said to Gathas, one of the appellants, that if the plaintiffs desired to use the lavatory and toilet-room, they should keep it clean, or it would be locked. Gathas replied that he did not care, and Mrs. Ziegler might lock the place if she so desired. Harrison, the other appellant, testified that the passageway was more used by the hotel guests in patronizing the saloon than in using the restaurant. On behalf of the respondent it was further shown that practically all of the patrons of plaintiffs' cafe used the Center Street door of the building, and a very few used the door opening from the restaurant into the rear passageway. Very few of the restaurant customers used the lavatory and toilet facilities in the rear of the former saloon. At the time of the trial ample toilet facilities had been constructed in the rear of the restaurant and were easily accessible through the kitchen of the leased premises.

On this and other evidence the trial court found that only a small number of the guests of the hotel, who patronized the restaurant of plaintiffs, used the passageway and door in the rear of the lobby as an entrance into the cafe. It further found that the doorway entering into the hall from the restaurant was used by plaintiffs, their employees, and to some extent by their customers, in going to and from the toilet-room and lavatory in the rear of the saloon, but that the use of these facilities by plaintiffs was unnecessary, for the reason that the restaurant is equipped with separate and adequate toilet and lavatory facilities. It

also found that the use of the door between plaintiff's restaurant and the hallway of defendant's hotel is not appurtenant to the room leased to the appellants, and that the closing of the door and hallway will not cause plaintiffs or their restaurant business to suffer any damages. The application for an injunction was, therefore, denied.

The use of the door, passageway, and toilet facilities was not expressly included, nor even alluded to, in the lease. Nothing whatever is mentioned but "the room known as the 'Valencia Cafe.'" Did the right to use the door, passageway, and toilet facilities pass to the appellants with the room known as the Valencia Cafe by necessary implication? [1] Rights and easements may and do pass to lessees by implication, "but where the express words of the grant are not sufficient, the implication which supplies those words flows either from a *reasonable necessity,* or, considering all the circumstances, from the *manifest intention* of the parties." (*Hill* v. *Shultz,* 40 N. J. Eq. 164, 166.) In this case, as in that, the question is: "Since the parties did not adjudge it important enough to contract respecting the use" of the doorway, passage, and toilet facilities "in plain terms, is the necessity so strong as to make the demands of the appellants appear reasonable"?

[2] It is very clear from the findings of the trial court, which we think are amply supported by the evidence, that the use of the door, passageway, and toilet facilities in connection with appellants' business was merely a convenience, but is not necessary to the beneficial use of the property. The door, passageway, and toilet facilities are, therefore, not appurtenant to the restaurant premises and there is no implied reason which will prevent the respondent from closing the same. (*Jemo* v. *Tourist Hotel Co.,* 55 Wash. 595, [19 Ann. Cas. 1199, 30 L. R. A. (N. S.) 926, 104 Pac. 820]; *Walker* v. *Clifford,* 128 Ala. 67, [86 Am. St. Rep. 74, 29 South. 588].)

The judgment is affirmed.

Kerrigan, J., and Richards, J., concurred.