[Civ. No. 10440.   Second Appellate District, Division Two.—November 4, 1935.]

AL MAYER, Respondent, v. I. G. HAZZARD et al., Defendants; D. W. NEET, Appellant.

Hansen & Cope and Archie G. Cope for Appellant.

W. Ward Johnson for Respondent.

WOOD, J.—By a written lease defendants Hazzard leased to plaintiff for a term of one year from January 15, 1933, the rear 50 feet of the premises located at 126 Magnolia Avenue, Long Beach, said premises having a total depth of 206 feet and a width of 50 feet. The lessors maintained a storeroom in the front part of the premises and plaintiff maintained an automobile repair shop in the space covered by the lease. Subject to plaintiff's lease, the Hazzards leased the entire premises to defendant Neet, appellant herein, on May 6, 1933. The action is for damages for the interference by appellant with plaintiff's use of the leased property. The case was tried before a jury, which returned a verdict for plaintiff, and from the judgment entered thereon defendant Neet appeals.

■ Appellant's contention that the complaint does not state a cause of action cannot be upheld. It is set forth in the complaint that the lessors promised that plaintiff should have access to the rear 50 feet of the storeroom through a door opening on Magnolia Avenue and through and across the front 156 feet of the storeroom to the portion leased by plaintiff; that plaintiff took possession of the leased property, maintained an office at the Magnolia Avenue entrance, received customers through said entrance and secured business from owners of automobiles stored and parked in the front portion of the storeroom. It is further set forth that defendant Neet received a lease from defendants Hazzard subject to plaintiff's lease covering the rear portion, with full knowledge of the conditions of said lease and of plaintiff's use of the property by having means of ingress and egress for customers through the front portion of the premises, and that defendant Neet promised to comply with all of the terms and conditions of the lease. Appropriate allegations are made of the fact that defendant Neet closed the Magnolia Avenue entrance and erected a partition between the portion of the premises leased by plaintiff and the front part of the storeroom, thereby forcing plaintiff to use an alleyway for his business, together with allegations covering the damages sustained. ■ Appellant argues that plaintiff should have set forth in his complaint that the entrance through the Magnolia Avenue frontage was reasonably necessary to the use of the property covered by the lease. Such an allegation was not necessary. Rights of ingress and egress by the usual way pass to the tenant, although not specifically mentioned in the lease, or the word ''appurtenances'' be not used, under the general rule that those rights essential to the use of the demised premises pass as appurtenant thereto. A tenant is entitled to the maintenance of an entrance which is necessary to the full enjoyment of his use of the property, although it may not be the only means of access. (36 Cor. Jur. 33.) ·

■ In contending that the evidence does not sustain the verdict, appellant cites the case of *Harrison* v. *Ziegler,* 51 Cal. App. 429 [196 Pac. 914]. In that case the lessee sought to enjoin the lessor from interfering with the use of a toilet and lavatory located in the rear of the building leased. The room occupied by the lessee was used as a restaurant and was equipped with separate and adequate toilet and lavatory

facilities so that the additional toilet and lavatory in the rear of the room adjoining the restaurant was not reasonably necessary for the full enjoyment of the premises leased and *would not diminish the business of said restaurant.* That case is distinguishable from the case before us in that here the evidence discloses, and the jury by its verdict found, that egress and ingress through the Magnolia Avenue entrance and the front part of the premises were not merely a convenience, but were necessary to the beneficial use of the leased property. The rule of law stated in *Harrison* v. *Ziegler, supra,* bears out the contention of respondent: ''The use of the door, passageway, and toilet facilities was not expressly included, nor even alluded to in the lease. Nothing whatever is mentioned but 'the room known as the ''Valencia Cafe''.' Did the right to use the door, passageway, and toilet facilities pass to the appellants with the room known as the Valencia Cafe by necessary implication? Rights and easements may and do pass to lessees by implication, 'but where the express words of the grant are not sufficient, the implication which supplies those words flows either from a *reasonable necessity,* or, considering all the circumstances, from the *manifest intention* of the parties.' ''

■ The trial court admitted in evidence over the objection of appellant a report compiled by a public accountant made up from plaintiff's books. The records kept by plaintiff consisted of many invoices and cards, the originals of which were in court, appellant having had full opportunity to examine them. Under the provisions of subdivision 5 of section 1855 of the Code of Civil Procedure the auditor's report was admissible.

■ Complaint is made of certain instructions given by the court to the jury. In particular, appellant claims that the trial court ''virtually crucified the defendant'' in giving the following instruction: ''If you believe from the evidence that the Magnolia avenue entrance to 126 Magnolia was used by the plaintiff on January 15, 1933, when he made his lease with Hazzard and that said entrance was necessary for the full enjoyment of the portion of the premises leased to the plaintiff, and that the defendant Neet was fully aware of these facts when he took his lease from Hazzard on May 6, 1933, I then instruct you that it was incumbent upon the defendant Neet to keep that entrance open for the plaintiff even

though you may believe that in order to do so defendant Neet would have had to employ more help in conducting his business in that location. You are instructed that the tenant of a building is entitled to the right to the use of all doors, entrances and passageways essential to the enjoyment of the portion of the building rented to him, and which were open to his use at the time of the making of the lease. A tenant in a building or portion thereof, is entitled to have maintained, an entrance which is necessary thereto to the full enjoyment of his use of the premises leased to him, although that entrance may not be the only means of access."

The instruction just quoted clearly and fairly states the law. We find no error in the proceedings, the jury was properly instructed, and the evidence supports the verdict.

The judgment is affirmed.

Crail, P. J., and Gould, J., *pro tem.*, concurred.