[No. B146020. Second Dist., Div. Four. Feb. 26, 2002.]

GARY DUBIN, Plaintiff and Appellant, v.
ROBERT NEWHALL CHESEBROUGH TRUST et al., Defendants and
Respondents.

COUNSEL

Law Offices of L. Rob Werner, L. Rob Werner and Patrick Mortimer for Plaintiff and Appellant.

Haight, Brown & Bonesteel, Rita Gunasekaran, Phyllis Alden Truby and William E. Ireland for Defendants and Respondents.

OPINION

VOGEL (C. S.), P. J.—

### INTRODUCTION

Plaintiff and appellant Gary Dubin, doing business as Alert Auto, appeals from a judgment entered upon the trial court's sustaining a demurrer without leave to amend to plaintiff's complaint arising out of an alleged interference with an easement; plaintiff also appeals from a postjudgment order awarding attorney fees in favor of defendants. Defendants and respondents are Chesebrough Brothers, LLC, as ultimate successor in interest to the Robert Newhall Chesebrough Trust, H.L. "Larry" Plumer (Plumer), Wespac Management Group, Inc. (Wespac), Robert Newhall Chesebrough, Jr., and Gerald Cohl. Plaintiff is the lessee of real property owned and managed by defendants, and by this action is suing defendants for wrongful interference with an alleged easement in favor of plaintiff to use a portion of the property adjoining the leased premises (also owned and managed by defendants) as an access road to his vehicle repair shop.

As we will discuss, we conclude that the trial court erred in sustaining the demurrer because plaintiff adequately pleaded facts supportive of the theory that he is entitled to claim an easement appurtenant by implication, although the facts pleaded do foreclose his reliance on the theories that he has an easement by necessity or a prescriptive easement. The judgment in favor of defendants must therefore be reversed. The order awarding attorney fees in favor of defendants must also be reversed.

## FACTUAL AND PROCEDURAL BACKGROUND

### *The Demurrer*

In the operative amended complaint, filed in June 2000, plaintiff alleges that he operates a vehicle repair shop at 26011 Bouquet Canyon Road, on property leased from Robert Newhall Chesebrough, Sr., who is now deceased. Plaintiff alleges that defendant, the Robert Newhall Chesebrough Trust (the Trust), is the successor in interest as lessor and owner of the property. Plaintiff alleges the Trust is "the owner of the remaining real property at that address adjacent to plaintiff's leased property where the posts obstructing Plaintiff's easement have been installed." Defendant Wespac is the entity hired by the Trust to manage the property. Defendants Robert Newhall Chesebrough, Jr., Cohl, and Plumer are trustees of the Trust.

Plaintiff alleges that he is "entitled to and utilized a prescriptive easement, easement appurtenant, and implied easement and/or easement by necessity over the adjoining property of Defendants." The alleged "easement consist[s] of a road or driveway that includes an approximate 25 foot wide right away [*sic*] running from Bouquet Canyon Road along the north end of the property for approximately 300 feet and then running north for approximately 160 feet and entering into Plaintiff's leased property to the east. The use is as an access road to Plaintiff's vehicle repair shop."

Plaintiff alleges that in May 2000, defendants installed crash posts blocking ingress to and egress from his premises for larger vehicles, such as trucks and motor homes, preventing entry by any vehicles by use of the driveway access road, thereby obstructing his easement. The posts were installed on the adjoining property owned by defendants, also at 26011 Bouquet Canyon Road. "The Plaintiff maintains an easement for the use of the property for access to his repair shop and has done so and with the knowledge and consent of Defendants and Defendants['] predecessors in interest utilized the adjacent property and the location of the posts for entering and leaving the property being leased."

Plaintiff alleges he entered into a five-year lease of the property in June 1995, subject to an option to extend the lease for five years, which he

exercised. Prior to the current lease, he occupied the property from December 1988, and has continually occupied the leased property, and utilized the "prescriptive easement, easement appurtenant, implied easement and or easement by necessity to his leased property all during this period. All during this time it was understood between the lessor of the property and Plaintiff that the Plaintiff would utilize the adjoining property for access to and from Plaintiff[']s shop and that there would be no obstruction to that access, that no crash posts would be placed to obstruct the utilization by Plaintiff of Defendants['] adjoining property to enter or exit the specifically leased property. In fact previously existing crash posts were removed at the direction of the landlord long prior to the execution of the 1995 lease on or about 1988."

Plaintiff alleges that as a result of defendants' placing the crash posts on the adjoining property, he has suffered substantial damage to his business, and large trucks and motor homes can no longer obtain access to the property. Plaintiff further alleges that the premises where the crash posts were installed is and has been unoccupied property. Plaintiff prays for damages, including punitive damages, and for a preliminary and permanent injunction requiring defendants to remove the crash posts and to refrain from altering the adjoining property and the property leased by plaintiff in any way that would infringe on vehicles entering onto the property leased by plaintiff. Plaintiff also prayed for costs of suit and for attorney fees.[1]

Defendant Chesebrough Brothers, LLC, the ultimate successor in interest to the Trust,[2] and defendant Plumer, demurred to the amended complaint, and requested that the court judicially notice plaintiff's application for a temporary restraining order, the 1995 lease agreement, and the deeds showing the chain of title of the leased property. Defendants contended that (1) plaintiff has no claim to an easement because the applicable lease contains an integration clause and no mention of an easement; (2) plaintiff cannot establish a prescriptive easement where he has alleged he has permissive use of the adjoining property; (3) plaintiff cannot allege an easement by necessity because he has access to his property other than by the claimed easement; and (4) defendant Plumer should be dismissed from the lawsuit as he is merely an employee of Wells Fargo Bank N.A., the actual trustee of the Trust. Defendants Chesebrough, Jr., Cohl, and Wespac filed a joinder in the demurrer. Therein Wespac asserted that it is a management company with no ownership interest in the property, and therefore cannot be held liable.

---

[1]Plaintiff also filed an ex parte application for a temporary restraining order, and a motion for preliminary and permanent injunctions. The application for a temporary restraining order was denied, as was the application for an order to show cause regarding preliminary injunction.

[2]Chesebrough Brothers, LLC, was not named by plaintiff as a defendant, but appeared voluntarily in the lawsuit in order to expedite resolution of the case.

Plaintiff filed opposition to the demurrer, contending that he has an implied easement by necessity and an easement appurtenant. He did not address the contentions made by Plumer or Wespac.

Defendants filed reply papers.

After hearing, the trial court sustained the demurrer without leave to amend. The court stated: "Plaintiff makes every attempt to allege an easement [referring to paragraph 7 of the amended complaint]. . . . It could be argued that there's a question of fact regarding whether or not plaintiff has an easement to the property alleged. The complaint allege[d] that in 1998 [*sic*], when plaintiff first entered into a lease for the property on which he operated his auto repair shop, defendant removed the crash posts that previously existed. . . . However, none of the other allegations of the complaint establish that plaintiff had an easement of any type to the land adjacent [to] the property he currently leases. First, there could be no easement by necessity where plaintiff has access to his property. Second, plaintiff cannot have a prescriptive easement where he contends he's been using the property with the permission of the defendants. . . . Third, plaintiff cannot have a permissive easement where the lease does not provide for same. . . . Finally, plaintiff does not have an easement appurtenant because it cannot be said that the land, which makes up the easement, is 'necessarily used with or reasonably necessary to the enjoyment of the part demised.' Therefore, notwithstanding the plaintiff argued that he's entitled to and has enjoyed every type of easement in the book, I sustain the demurrer without leave to amend."

Judgment was entered pursuant to the sustaining of the demurrer. Plaintiff filed a timely appeal.

Defendants then filed a motion for attorney fees pursuant to the terms of the lease agreement. Plaintiff filed opposition, asserting that the lawsuit was not based on the lease and that Civil Code section 1717 does not apply. Defendants filed reply papers.

The trial court awarded attorney fees to defendants in the amount of $19,667.50. Plaintiff appealed from the award.

### DISCUSSION

■ "In determining whether a complaint alleges facts sufficient to state a cause of action, we treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions, or conclusions of fact or

law. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) We also consider matters of which the court may or must take judicial notice (*ibid.*; Code Civ. Proc., § 430.30, subd. (a)).” (*Freis v. Soboroff* (2000) 81 Cal.App.4th 1102, 1104 [97 Cal.Rptr.2d 429].) In this case, that includes various documents of which defendants requested the court take judicial notice: the applicable lease, a previously filed pleading containing a declaration signed by plaintiff (filed with his application for injunctive relief), and the deeds showing the chain of title of the leased property.

Plaintiff alleged in his complaint that he had permissive use of a portion of the property adjoining the leased premises as a right of way, by virtue of a prior agreement between him and defendants’ predecessor in interest, which predated the written lease. Specifically, he alleged that, from 1988 on, “it was understood between the lessor of the property and the Plaintiff that the Plaintiff would utilize the adjoining property for access to and from Plaintiff[’]s shop and that there would be no obstruction to that access, that no crash posts would be placed to obstruct the utilization by Plaintiff of Defendants[’] adjoining property to enter or exit the specifically leased property. In fact previously existing crash posts were removed at the direction of the landlord long prior to the execution of the 1995 lease on or about 1988.”

Defendants argue that evidence of the prior agreement cannot be used to contradict the terms of the written lease, which contains an integration clause; they contend that an easement cannot be created by parol. The lease states: “This Lease contains all agreements of the parties with respect to any matter mentioned herein. No prior agreement or understanding pertaining to any such matter shall be effective. This Lease may be modified only in writing, and signed by the parties in interest at the time of such modification.”

Defendants rely on Civil Code section 820, which provides: “A tenant for years or at will has no other rights to the property than such as are given to him by the agreement or instrument by which his tenancy is acquired.” They further rely on Code of Civil Procedure section 1856, subdivision (a): “Terms set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement.”

In 6 Miller and Starr, California Real Estate (3d ed. 2000) section 15:25, page 91, the authors note the existence of Civil Code section 820, but

go on to observe that "in some cases a court will imply that the tenant also has such additional easements in the property owned by the landlord as are reasonably necessary for the tenant's beneficial enjoyment of the premises leased. [¶] *The easements may be implied even though they are outside of the demised premises described in the lease,* but they are not implied if the express provisions of the lease exclude them." (Fns. omitted, italics added.)

■ This is not a case in which the express provisions of the lease exclude an implied easement. The general form commercial lease utilized by the parties imprecisely states that "Landlord hereby leases to Tenant . . . that certain real property and the building and other improvements located thereon . . . commonly known as 26011 Bouquet Canyon Rd. and described as Rear half of bldg and bullpen." (The underlined portions are handwritten.) According to plaintiff's complaint, the adjoining property on which the easement is located is also known as 26011 Bouquet Canyon Road. While the lease does not make reference to the easement, nor does it specifically exclude the existence of any easement appurtenant. The so-called integration clause merely states: "This Lease contains all agreements of the parties with respect to *any matter mentioned* herein." (Italics added.)

■ "Unless specifically reserved to the landlord by the terms of the lease, everything that belongs to the demised premises or is used with, or is appurtenant to, the premises, and reasonably necessary for their beneficial use and enjoyment, passes as an incident to a lease of the premises. Thus, appurtenances that are reasonably essential for the beneficial use of the demised premises are included in the property transferred by the lease under the assumption that the parties intended that they be used by the tenant." (7 Miller & Starr, Cal. Real Estate (3d ed. 2001) § 19:27, p. 82, fns. omitted.) "A lease of part of a building carries with it, as an incident to the lease, everything necessarily used with or reasonably necessary for the enjoyment of the part demised, including the right to use all doors, entrances, and passageways that were open to the tenant's use at the time the lease was made. An appurtenant right of use may be implied even though it is not absolutely necessary or required in order to make the leased premises tenantable as long as they are reasonably necessary to the beneficial enjoyment and use of the premises." (*Id.* at p. 83, fns. omitted.)

■ "The appurtenant easements are implied from the circumstances based on the presumed intent of the parties. Therefore, the easement is not implied when it is negated by the express provisions of the lease. When the lease does not address the issue, the intentions of the parties are determined as a question of fact in each case by the trial court's examination of the lease and the circumstances surrounding the lease transaction." (7 Miller & Starr,

Cal. Real Estate, *supra,* § 19:27, p. 83, fns. omitted.) "Whether a particular portion of the area outside of the leased premises is an 'appurtenance' or is reasonably necessary for the beneficial use and enjoyment of the demised premises depends on the parties' intentions. Necessity and convenience to the tenant are determined by the effect on the value of the leased premises and the tenant's business." (*Id.* at p. 84.)

In *Owsley v. Hamner* (1951) 36 Cal.2d 710, 717 [227 P.2d 263, 24 A.L.R.2d 112], the Supreme Court stated with approval the general rule that everything which belongs to a demised premises or is used with and appurtenant to it, and which is reasonably essential to its enjoyment, passes as an incident to it, unless specially reserved. The court then observed that Civil Code section 820 "is not inconsistent with the rule above stated, as it speaks of rights other than those given by the agreement (lease). Hence, . . . rights such as the easements here involved, constitute an implied part of the lease. . . . The section should be read in the light of other provisions that: 'A thing is deemed to be incidental or appurtenant to land when it is by right used with the land for its benefit, as in the case of a way, or watercourse, or of a passage for light, air, or heat from or across the land of another.' (Civ. Code, § 662.) 'The transfer of a thing transfers also all its incidents, unless expressly excepted; but the transfer of an incident to a thing does not transfer the thing itself.' (Civ. Code, § 1084.)"[3] (*Owsley v. Hamner, supra,* at p. 717.)

In *Owsley v. Hamner,* the Supreme Court affirmed a judgment in favor of the lessee of a portion of a building, by which the trial court concluded that the lessee was entitled to claim easements as to interior passageways leading out to two streets and an interior patio area, even though "no mention is made of such easements on the face of the lease." (*Owsley v. Hamner, supra,* 36 Cal.2d at p. 716.) The trial court found that it was the parties' intention and agreement that the lessee should have use of those features of the building. The lessor's plan to block off the patio and passageway from the flow of pedestrian traffic would interfere with the lessee's full and beneficial use of the leased premises, and "would be to the substantial detriment" of the lessee and "materially depreciate the value of his leasehold." (*Id.* at p. 715.)

Defendants rely on case law that states that an easement, being an interest in land, can only be created by grant, express or implied, or by prescription, and not by parol. (See *Buehler v. Oregon-Washington Plywood Corp.* (1976) 17 Cal.3d 520, 525, fn. 1 [131 Cal.Rptr. 394, 551 P.2d 1226], citing *Elliott v. McCombs* (1941) 17 Cal.2d 23, 30 [109 P.2d 329].) An easement appurtenant is indeed created by a grant, in this case a written lease; the easement

---

[3]A right of way may be attached to other land as an incident or appurtenance, and is then called an easement. (See Civ. Code, § 801.)

arises by implication from the lease. ■ As stated by the Court in *Owsley v. Hamner*, "Plainly, the statute of frauds is not applicable here because the easements arise from the lease which was in writing." (*Owsley v. Hamner, supra*, 36 Cal.2d at p. 722.) An implied easement as pleaded by plaintiff does not violate the statute of frauds. If, in order to be valid and enforceable, an easement had to be in writing, there would be no such thing as an easement appurtenant by implication. Clearly, however, the law of this state recognizes the existence of such easements.

Thus, for example, in *Ng v. Warren* (1947) 79 Cal.App.2d 54 [179 P.2d 41], a lessee was held entitled to claim an easement appurtenant permitting use of a storage shed on the rear of the demised lot and a driveway on a lot adjoining the premises described in the lease, where use of those appurtenances was found to be necessary to the full enjoyment and use of the leased property.[4] The lessee operated a store on the premises and used the driveway that led to the rear of the store for deliveries and trash removal.

Similarly, in *Mayer v. Hazzard* (1935) 10 Cal.App.2d 1 [51 P.2d 189], the plaintiff, the lessee of the rear portion of a building, was held entitled to collect damages from the defendant, the lessee of the front portion of the building, when the defendant blocked the plaintiff's access to a front entrance used for ingress to and egress from the rear of the building where the plaintiff's business was located. The lessors promised the plaintiff access to the front entrance, and the defendant later entered into a lease subject to the plaintiff's lease and with knowledge of the plaintiff's use of the front entrance. The Court of Appeal stated: "Rights of ingress and egress by the usual way pass to the tenant, although not specifically mentioned in the lease, or the word 'appurtenances' be not used, under the general rule that those rights essential to the use of the demised premises pass as appurtenant thereto. A tenant is entitled to the maintenance of an entrance which is necessary to the full enjoyment of his use of the property, although it may not be the only means of access. (36 Cor. Jur. 33.)" (*Mayer v. Hazzard, supra*, at p. 3.) The court also quoted the following language from *Harrison v. Ziegler* (1921) 51 Cal.App. 429, 432 [196 P. 914]: " 'Rights and easements may and do pass to lessees by implication, "but where the express words of the grant are not sufficient, the implication which supplies those words flows either from a *reasonable necessity*, or, considering all the circumstances, from the *manifest intention* of the parties." ' " (*Mayer* at p. 4, italics added by *Mayer* court.) We note that *Ng v. Warren, Mayer v. Hazzard*, and *Harrison v. Ziegler* were all cited with approval in *Owsley v. Hamner, supra*, 36 Cal.2d at page 717.

---

[4]While the lease in *Ng v. Warren* stated the premises were leased "together with appurtenances," use of the word "appurtenance" is not necessary. (Cf. *Owsley v. Hamner, supra*, 36 Cal.2d 710.)

 Defendants' attempt to distinguish *Mayer* from the present case on the basis that it was not the lessor who interfered with the right of way but another lessee, amounts to a distinction without a difference. The legal principles regarding appurtenant easements as stated in *Mayer* would apply equally if it were the lessor who obstructed plaintiff's access. Further, the factual distinction defendants attempt to make regarding whether the means of access at issue is the primary or the alternate access is inapt. The proper test is whether use of the appurtenance is reasonably necessary for the beneficial use and enjoyment of the demised premises, and whether the parties to the lease intended that use of the appurtenance was implied in the lease.

The lease at issue here does not specifically exclude plaintiff's claim to an easement appurtenant. In contrast, in *Froomer v. Drollinger* (1962) 201 Cal.App.2d 90 [19 Cal.Rptr. 891], the lease at issue specifically granted the lessee the use of a particular parking area referred to as Lot 9. Under those circumstances, the lessee's claim of an easement to use of an additional parking area was rejected, the court observing: "no mention was made of the disputed area; in addition, provision is made in some detail for parking in Lot 9 and *not* elsewhere." (*Id.* at p. 96.) The assertion made by defendants in this case that "the plaintiff has an adequate alternate right of access to his leased property *that is guaranteed under the lease*," is not borne out by any language in the lease. (Italics added.) The lease makes no mention of any means of access to the leased property.

Defendants try to sidestep the conclusion that plaintiff pleaded facts sufficient to state a claim to an appurtenant easement by implication by asserting that plaintiff was not permitted to admit that he had permissive use of the right of way pursuant to an understanding with the original lessor, and at the same time make a contradictory claim to possession of a prescriptive easement. Defendants claim this is legally impermissible, slipping directly into a discussion of the elements necessary to establish a prescriptive easement. We agree that plaintiff did not allege facts to support a claim for a prescriptive easement, which requires open, notorious and continuous use, hostile to the true owner and made under a claim of right, for five years.[5] (See, e.g., *L.A. Brick etc. Co. v. City of Los Angeles* (1943) 60 Cal.App.2d 478, 489 [141 P.2d 46]; Civ. Code, § 1007; Code Civ. Proc.,

---

[5]Plaintiff alleges that he entered into the lease in 1995 (the lease is dated June 1, 1995) with the original lessor, with the understanding that the right of way was to remain available for his use. He alleges that in May 2000, defendants installed the crash posts, blocking his use of the right of way. Even if we assume that the original lessor died immediately after executing the lease and defendants immediately objected to plaintiff's use of the right of way, and he continued to use it over their objection until it was blocked in May 2000, plaintiff cannot establish hostile use for a five-year period.

§ 321.) ■ But the mere pleading of a prescriptive easement does not foreclose a plaintiff from claiming an appurtenant easement. Plaintiff's complaint contains no *facts* that contradict the assertion that his use of the access road was intended by the original lessor and that use of the access road is reasonably necessary to his business. The allegation that plaintiff has a prescriptive easement is merely a legal assertion unsupported by the facts pleaded, and is in effect superfluous. A plaintiff is permitted to plead alternative inconsistent theories. (See 4 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 363, pp. 466-467, and cases cited therein.)

■ We find that the trial court plainly erred in concluding that plaintiff failed to state a claim to an appurtenant easement by implication "because it cannot be said that the land, which makes up the easement, is 'necessarily used with or reasonably necessary to the enjoyment of the part demised.'" Plaintiff pleads facts supportive of the notion that use of the right of way is reasonably necessary to his enjoyment of the leased premises, for use by large vehicles which comprise the bulk of his business, and that he has suffered substantial detriment to his business by loss of use of the alleged easement. Bearing in mind that this case is only at the pleading stage, we find no deficiency in plaintiff's allegations. As the court in *Froomer v. Drollinger* queried: "And who, we ask, is better fitted to judge of the reasonable necessity to the premises' enjoyment than the trier of the fact?" (*Froomer v. Drollinger, supra,* 201 Cal.App.2d at p. 96.) The trial court, not sitting as a trier of fact in this instance, erred in adjudging the pleading insufficient to survive demurrer.

Finally, as to plaintiff's claim to an easement by necessity, defendants are correct that plaintiff does not adequately state a claim where plaintiff does not plead that he has no other means of access to his property. ■ "In order to establish an easement by necessity, the dominant tenement must be completely landlocked; the easement must be absolutely necessary for access to the dominant tenement, and there cannot be any other possible means of access." (6 Miller & Starr, Cal. Real Estate, *supra,* § 15:28, p. 102, fn. omitted.)

■ We note that defendants Plumer and Wespac demurred on the basis that they were improperly named as parties. The trial court apparently did not rule on that basis, and defendants make only cursory mention of that theory on appeal, without citation to authority. Under these circumstances we will not consider the issue.

As the judgment based upon the sustaining of the demurrer without leave to amend is reversed, so too is the order awarding attorney fees in favor of defendants.

## DISPOSITION

The judgment is reversed. The postjudgment order awarding attorney fees is also reversed. Costs on appeal are awarded to plaintiff.

Hastings, J., and Curry, J., concurred.