Opinion
 

 MIHARA, J.
 

 Plaintiff brought a bad faith action against defendant based on its initial denial of coverage and subsequent delayed payment of her claim for reimbursement of health care expenses covered under her Medicare-subsidized agreement with defendant. Defendant’s demurrer was sustained without leave to amend, and the action was dismissed on jurisdictional grounds. On appeal, plaintiff claims that (1) her claim did not fall within the exclusive review provisions of the Medicare Act because it did not arise under the act, (2) the exclusive review provisions of the Medicare Act should not apply because Congress did not so intend and these provisions offer no remedy for her claim, and (3) the court abused its discretion in failing to grant her leave to amend her complaint. We affirm.
 

 Plaintiff’s Allegations
 

 Defendant is a health maintenance organization which “arranges for the provision of’ medical services to its “Subscribers.” Plaintiff was one of defendant’s “Subscribers.” The agreement between plaintiff and defendant required that “[i]n determining whether a specific benefit is covered, [defendant] shall rely on Medicare guidelines . . . Plaintiff and defendant agreed that “Subscriber complaints regarding reimbursement and coverage issues . . . shall be resolved by the HCFA [federal Health Care Financing Administration] Appeals procedure . . . .” This procedure, which was set forth in the parties’ agreement, required the “Subscriber” to make a written request
 
 *99
 
 for “Reconsideration” of an adverse coverage determination within 60 days after the initial denial.
 
 [1]
 
 If reconsideration was denied, defendant was required to submit the dispute to the Health Care Financing Administration (HCFA) for review. The HCFA’s determination could be appealed by either party to an administrative law judge. Either party could then seek review of the administrative law judge’s determination by the “Appeals Council.” Under certain circumstances, a party could then obtain judicial review in a federal district court.
 

 In May 1993, defendant denied coverage for “life-saving surgery” for plaintiff after she repeatedly requested a coverage determination prior to undergoing this surgery. Plaintiff underwent the surgery in June 1993 and incurred medical expenses for it. Defendant thereafter rejected plaintiff’s demands for reimbursement of these expenses. In March 1994, defendant asked plaintiff to “execute a release of all claims against them” in return for reimbursement. Plaintiff refused. Nevertheless, defendant subsequently reimbursed plaintiff for these medical expenses.
 

 Procedural Background
 

 Plaintiff filed an action against defendant for breach of contract, breach of the implied covenant of good faith and fair dealing in violation of Insurance Code section 790.03 and intentional and negligent infliction of emotional distress. These causes of action were based on defendant’s initial denial of her request for coverage and subsequent delayed reimbursement of her expenses. Plaintiff alleged that she had satisfied all of her obligations under the contract including filing a timely “request for reconsideration” of defendant’s rejection of her claim. She asserted that defendant had known that her claim was covered but had nevertheless initially rejected it and then delayed reimbursement. Plaintiff sought monetary damages for “loss of use” of money she expended for medical expenses prior to reimbursement by defendant, emotional distress and attorneys’ fees and costs incurred in obtaining reimbursement of these medical expenses from defendant.
 

 Defendant filed a demurrer to plaintiff’s complaint. Defendant claimed that the court lacked subject matter jurisdiction because plaintiff’s claim was one “arising under” the Medicare Act which was subject to an exclusive administrative review process and plaintiff had failed to exhaust her administrative remedies under this exclusive review process. Defendant also maintained that subject matter jurisdiction was lacking because of “plaintiff’s
 
 *100
 
 non-joinder (defect)/misjoinder of parties.” Plaintiff claimed that she was not required to utilize the Medicare Act’s review process because her action “is not a coverage or reimbursement case” but “a bad faith case.”
 

 The court granted defendant’s demurrer without leave to amend. “[Defendant’s demurrer is] sustained without leave to amend on the ground that the Court lacks subject matter jurisdiction over plaintiff’s complaint. Plaintiff’s tort and contract claims are ‘inextricably intertwined’ with the denial of Medicare benefits and are therefore subject to the administrative procedures mandated by the Medicare Act.
 
 (Bodimetric Health Services
 
 v.
 
 Aetna Life & Cas.
 
 (7th Cir. 1990) 903 F.2d 480; 42 U.S.C. §1395 et seq.; 42 C.F.R. §417.600 et seq.) Further, the face of the complaint reveals that plaintiff has failed to join the proper defendant, the Secretary of [Health and Human Services], actions against whom must be brought in federal court. (CCP §430.10(d); 42 U.S.C. §405(g).)” Judgment was entered in defendant’s favor, and plaintiff filed a timely notice of appeal.
 

 Discussion
 

 A.
 
 Standard of Review
 

 “When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. . . . And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. . . . The burden of proving such reasonable possibility is squarely on the plaintiff.”
 
 (Blank
 
 v.
 
 Kirwan
 
 (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58], citations omitted.)
 

 B.
 
 No Jurisdiction
 

 The dispositive issue in this case is whether plaintiff’s causes of action were based on a claim which was subject to the exclusive review provisions of the Medicare Act. Federal law specifies the services which health maintenance organizations such as defendant must provide to Medicare-eligible members such as plaintiff who are enrolled in Medicare-subsidized health care plans. (42 U.S.C. § 1395mm.) The authority to determine whether certain services are covered by such a plan has been vested by Congress in the Secretary of Health and Human Services. “The determination of whether an individual is entitled to benefits . . . and the determination of the amount of benefits . . . ,
 
 and any other determination with respect to a claim for benefits . . .
 
 shall be made by the Secretary [of Health
 
 *101
 
 and Human Services] in accordance with regulations prescribed by him.” (42 U.S.C. § 1395ff(a), italics added.) “If the Secretary determines that an eligible organization with a contract under this section ...[*][]... fails substantially to provide medically necessary items and services that are required (under law or under the contract).... if the failure has adversely affected (or has substantial likelihood of adversely affecting) the individual ... [^11 ... [^D the Secretary may provide, in addition to any other remedies authorized by law, for [civil money penalties, suspension of enrollment of individuals or suspension of payment to the organization].” (42 U.S.C. § 1395mm(i)(6).)
 

 A claim which “arises under” the Medicare Act must be brought before the Secretary through a multilevel administrative review process. This administrative review process (which was expressly set forth in the contract between plaintiff and defendant) provides the “exclusive” remedy for such claims. (Sen.Rep. No. 404, 89th Congress, 1st Sess., (1965) reprinted in 1965 U.S. Code Cong. & Admin. News, at p. 1995.)
 
 Judicial
 
 review of such claims is available only after the claimant has pressed the claim through every level of the administrative review process to a “final” decision by the Secretary and even then such review may only be obtained in
 
 federal
 
 court.
 
 (Heckler
 
 v.
 
 Ringer
 
 (1984) 466 U.S. 602, 605-606 [104 S.Ct. 2013, 2106-2017, 80 L.Ed.2d 622].) It follows that such claims are never within the jurisdiction of a state court.
 

 The trial court herein concluded that it lacked jurisdiction because plaintiff’s causes of action were claims arising under the Medicare Act. Plaintiff maintains that the trial court was incorrect because (1) her causes of action are state law causes of action based on her contract with defendant rather than on the Medicare Act, (2) her causes of action are not a claim for benefits but a claim for “injuries” she suffered as a result of the delay and costs incurred in her successful pursuit of reimbursement for her medical expenses, and (3) Congress did not intend to preclude state actions such as hers.
 

 First, the fact that plaintiff’s causes of action are based on her contractual relationship with defendant does not mean that her claims did not arise under the Medicare Act. Plaintiff’s contract with defendant expressly specified that coverage determinations would be based on the Medicare Act. Moreover, the contract explicitly required that all “[subscriber complaints regarding reimbursement and coverage issues” be resolved through the multilevel administrative review process specified in the Medicare Act. Plaintiff may choose to characterize her complaints as contractually based causes of action, but her claims are necessarily “complaints regarding reimbursement.” Her action
 
 *102
 
 is based on allegations that defendant initially wrongfully denied coverage for her surgery and then wrongfully delayed its reimbursement of her expenses for the surgery. Under the contract, such claims must be resolved under the administrative review process specified in the Medicare Act, and therefore these claims arise under the Medicare Act.
 

 Second, while plaintiff’s causes of action are not actually a claim for benefits, since she has already obtained reimbursement of her medical expenses, her causes of action
 
 are
 
 “inextricably intertwined” with a claim that she was entitled to the reimbursement she received. Plaintiff argues that her complaint was not based on her entitlement to benefits but on defendant’s “conduct” with respect to her claim for benefits. This argument fails because the alleged wrongfulness of defendant’s conduct depends on whether plaintiff was entitled to payment of her claim. The fact that defendant ultimately paid her claim does not necessarily establish that plaintiff was
 
 entitled
 
 to such payment. The United States Supreme Court considered a related contention in
 
 Heckler
 
 v.
 
 Ringer, supra,
 
 466 U.S. 602 (hereafter
 
 Ringer).
 
 Three of the four plaintiffs in
 
 Ringer
 
 had undergone a surgical procedure known as “BCBR” and then filed a claim for reimbursement. The fourth plaintiff had not undergone the BCBR procedure yet because he had learned that the procedure was not covered. None of the four plaintiffs had exhausted their administrative remedies under the administrative review procedure specified in the Medicare Act. They claimed that they were not required to exhaust their administrative remedies because other claimants who had pursued their administrative remedies had succeeded in obtaining payment of their reimbursement claims for BCBR surgery.
 
 (Ringer, supra,
 
 at p. 610 [104 S.Ct. at p. 2019].) The plaintiffs argued that requiring them to pursue administrative remedies in order to obtain reimbursement violated their constitutional and statutory rights. Like plaintiff herein, they did not seek benefits in their action. Instead, they sought a declaration that BCBR surgery was covered under the act and an injunction requiring payment of BCBR claims without the necessity of pursuing administrative remedies.
 
 (Ringer, supra,
 
 at pp. 610-611 [104 S.Ct. at p. 2019].) The United States Supreme Court asserted that “[i]t is of no importance that respondents here . . . sought only declaratory and injunctive relief and not an actual award of benefits as well.”
 
 (Ringer, supra,
 
 at p. 615 [104 S.Ct. at p. 2022].) Their claims still were
 
 essentially
 
 claims for benefits subject to the requirement that they exhaust the administrative review procedures. As the claims arose under the Act and the plaintiffs had not fully exhausted their administrative remedies, judicial review was unavailable.
 
 (Ringer, supra,
 
 at pp. 615-619 [104 S.Ct. at pp. 2021-2024].)
 

 Plaintiff attempts to distinguish
 
 Ringer.
 
 She points out that the remedy sought by the plaintiffs in
 
 Ringer
 
 was, in substance, a coverage determination. Plaintiff argues that the administrative review process provides a
 
 *103
 
 remedy for adverse coverage determinations, but it does not provide a remedy for wrongful denial and delay in paying a claim. We disagree. The administrative review process applies not only to coverage determinations but also to “any other determination
 
 with respect to
 
 a claim for benefits,” and the Secretary is authorized to order civil money penalties or “any other remedies authorized by law” if an organization such as defendant fails to provide required services. If plaintiff had pressed her claim through the administrative review process and established that defendant initially wrongfully denied coverage, the Secretary could have found that defendant had failed to provide required services. The Secretary would then have been authorized to remediate the harm which arose from this conduct prior to defendant’s ultimate reimbursement of plaintiff’s claim. Plaintiff’s contention that she had been injured by defendant’s initial denial and subsequent delayed payment of her claim was a claim which the Secretary was authorized to resolve because it required a determination “with respect to [her] claim for benefits.” We believe that plaintiff could have pursued her claim through the administrative process. While her claim might have been unsuccessful, such speculation does not excuse her failure to exhaust the required administrative process.
 

 Plaintiff relies on a recent Ninth Circuit Court of Appeals decision in which the court held that a wrongful death cause of action arising from an organization’s denial of Medicare benefits could be brought in state court and did not require exhaustion of the Act’s administrative review process because the action was not based on the Medicare Act and did not seek to recover benefits.
 
 (Ardary
 
 v.
 
 Aetna Health Plans of California, Inc.
 
 (9th Cir. 1996) 98 F.3d 496
 
 (Ardary.)
 
 We find
 
 Ardary
 
 distinguishable. In
 
 Ardary,
 
 the Ninth Circuit acknowledged that the United States Supreme Court had mandated in
 
 Ringer
 
 that the scope of the claims to which the administrative review process applied should be interpreted “broadly.”
 
 (Ardary, supra,
 
 at p. 500.) However, the Ninth Circuit relied on a narrow exception carved out by the United States Supreme Court which permitted the exclusion of “certain special cases” from the requirement that the claim be pursued “through administrative channels” where these “special” cases involved claims that could not be remediated through the administrative process.
 
 (Ibid.)
 
 Since the death of the health plan beneficiary in
 
 Ardary
 
 could not be remediated through pursuit of a posthumous coverage or benefits claim through the administrative process, the Ninth Circuit held that the administrative review process was inapplicable to the wrongful death cause of action.
 
 (Ibid.)
 
 Hence, the claim could be brought in state court.
 
 (Id.
 
 at pp. 500-501.)
 

 Whether or not we agree with the Ninth Circuit’s resolution of the issue posed in
 
 Ardary,
 
 Ardary’s holding is not applicable here. This case, unlike
 
 *104
 

 Ardary,
 
 does not involve a claim which is so “special” that it could not have been remediated by pursuit of the claim through the administrative review process. Delays in reimbursement of claims are commonplace, and the injuries allegedly suffered by plaintiff are not so “special” that she falls within the narrow exception to the otherwise universal requirement that the administrative review process must be pursued prior to any judicial review. Unlike the beneficiary in
 
 Ardary,
 
 plaintiff had the distinct advantage of obtaining payment of her benefits claim without having had to avail herself of the lengthy administrative review process. The exceptional circumstances present in
 
 Ardary
 
 are not present here.
 

 Plaintiff also claims that she
 
 did
 
 exhaust her adminstrative remedies. This assertion leads nowhere. Even if plaintiff had pursued her administrative remedies to a final decision by the Secretary, her only avenue of judicial review would be in federal court. A state trial court would still lack jurisdiction.
 

 Finally, we do not agree with plaintiff that Congress did not intend to preclude actions like hers. In
 
 Ringer,
 
 the court recognized that the administrative process required a claimant to undergo the medical procedure and then press his or her reimbursement claim through multiple levels of administrative review.
 
 (Ringer, supra,
 
 466 U.S. at pp. 621-622 [104 S.Ct. at p. 2025].) However, the court found that Congress had
 
 intended
 
 to require a claimant to pursue a potentially lengthy administrative process in order to obtain reimbursement and that this process was an adequate remedy.
 
 (Ringer, supra,
 
 at p. 617 [104 S.Ct. at pp. 2022-2023].) The court rejected the plaintiffs’ assertion that they should be excused from the exhaustion requirement because other claimants who had undergone the same surgical procedure had successfully pursued their claims through the administrative process.
 
 (Ringer, supra,
 
 at p. 624 [104 S.Ct. at 2026].) If Congress believed that requiring claimants to pursue a lengthy administrative review process to obtain reimbursement of their claims was an adequate remedy, it is inconceivable that it intended to permit claimants who had
 
 not
 
 availed themselves of this process to obtain
 
 judicial
 
 review in
 
 state
 
 courts of their claims that they were entitled to recover for the delay and costs incurred during their
 
 successful
 
 attempts to obtain payment of their claims
 
 outside
 
 of the administrative review process.
 

 The trial court lacked jurisdiction over plaintiff’s action, so it did not err in granting defendant’s demurrer.
 

 C.
 
 Trial Court Did Not Abuse Its Discretion in Failing to Grant Leave to Amend
 

 Plaintiff’s final assertion is that the trial court abused its discretion in failing to grant her leave to amend her complaint. She claims that she could
 
 *105
 
 have amended her complaint to “show that her claims were not subject to the [Medicare] Act” if she had added an allegation that defendant “had prevented her access to HCFA and the federally mandated hearing and review procedures . . . Plaintiff claims that such an amendment would “clarify the common-law nature of her cause of action, and negate any argument that administrative remedies would be applicable.”
 

 “[D]enial of leave to amend constitutes an abuse of discretion if the pleading does not show on its face that it is incapable of amendment.”
 
 (Gami
 
 v.
 
 Mullikin Medical Center
 
 (1993) 18 Cal.App.4th 870, 877 [22 Cal.Rptr.2d 819].) “ ‘Generally it is an abuse of discretion to sustain a demurrer without leave to amend if there is any reasonable possibility that the defect can be cured by amendment. . . . However, the burden is on the plaintiff to demonstrate that the trial court abused its discretion. . . . Plaintiff must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading.’ ”
 
 (Goodman
 
 v.
 
 Kennedy
 
 (1976) 18 Cal.3d 335, 349 [134 Cal.Rptr. 375, 556 P.2d 737], citations omitted.) “ ‘Leave to amend should be denied where the facts are not in dispute, and the nature of the plaintiff’s claim is clear, but, under the substantive law, no liability exists.’”
 
 (Kilgore
 
 v.
 
 Younger
 
 (1982) 30 Cal.3d 770, 781 [180 Cal.Rptr. 657, 640 P.2d 793].)
 

 On its face, plaintiff’s complaint does not appear amenable to an amendment that would bring it within the jurisdiction of the trial court. The injuries which her complaint seeks to remediate are the delay and distress caused by defendant’s initial denial of coverage and subsequent delayed payment of her claim for reimbursement of medical expenses. She claimed that this conduct was a breach of their agreement and inflicted emotional distress. Now she asserts that these allegations would have constituted a viable cause of action over which the court would have had jurisdiction if she had also alleged that defendant had prevented her from pursuing her administrative remedies. Plaintiff has repeatedly and insistently argued that she was not required to pursue administrative remedies, and she has never alleged that she attempted to pursue administrative remedies for the injuries upon which her action is based. At most, she impliedly asserted that she had attempted to pursue administrative review of her reimbursement claim prior to defendant’s reimbursement of her expenses. Under these circumstances, it is our conclusion that there is no reasonable possibility that plaintiff could amend her complaint to allege that the conduct upon which she based her action
 
 *106
 
 formed the basis for one or more causes of action over which the trial court had jurisdiction.
 
 [2]
 
 It follows that the trial court did not abuse its discretion.
 

 Conclusion
 

 The judgment is affirmed.
 

 Cottle, P. J., and Bamattre-Manoukian, J., concurred.
 

 [1]
 

 This procedure is also set forth in 20 Code of Federal Regulations section 422.210 (1997) and 42 Code of Federal Regulations sections 405.702 et seq. (1997) and 417.600 et seq. (1997).
 

 [2]
 

 Plaintiff did not allege in her complaint that she had suffered any injuries as a result of a fraudulent or negligent misrepresentation made by defendant.