Arthur H. NORTHRUP, Jr., Plaintiff,

v.

Charlotte WHETSTONE; Katherine Privette; Squires Homes, Inc.; Jennifer Jones; Beazer Homes, USA Inc.; J. Alexander Lawrence; and Blake W. Ferguson, Defendants.

No. 3:97–CV–590–MU.

United States District Court,
W.D. North Carolina,
Charlotte Division.

May 1, 1998.

Bradley R. Kutrow, Smith, Helms, Mulliss & Moore, LLP, Charlotte, NC, Thomas Holderness, U.S. Dept. of Justice, Washington, DC, Weyman T. Johnson, Jr., Paul, Hastings, Janofsky & Walker, Atlanta, GA, for Defendants.

## ORDER

MULLEN, Chief Judge.

THIS MATTER is before the Court upon Defendants' Motion to Dismiss and Plaintiff's Motion for Remand. Defendants also seek sanctions against Plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure.

This dispute grows out of a contract for services between Squires Homes and Plaintiff. After Plaintiff entered into the subcontract agreement, Squires Homes requested that Plaintiff provide a Taxpayer Identification Number (T.I.N.). Plaintiff provided none, and Squires Homes withheld as backup withholding 31% of all amounts payable to Plaintiff, as required by law. On October 28, 1997, Plaintiff filed his complaint in the Superior Court of Mecklenberg County, alleging claims under 42 U.S.C. §§ 1983, 1985, 1986, 241, and 242, and under North Carolina state law. On November 25, 1997, Defendants removed this action to this Court.

██ Defendants properly removed this action because a party may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). This Court has original jurisdiction over claims challenging the validity of the Internal Revenue Code. 28 U.S.C. § 1340. Additionally, this Court has original jurisdiction over civil actions to secure relief under any Act of Congress providing for the protection of civil rights. 28 U.S.C. § 1343. Northrup's challenge to the Internal Revenue Code ("I.R.C.") and his claims under 42 U.S.C. §§ 1983, 1985 and 1986 are essential elements of his cause of action.

██ Defendants are correct that Plaintiff's federal claims must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff fails to state a claim against Defendants under the I.R.C. The crux of this case is that taxes were withheld as required by the I.R.C. Even if those amounts were improperly withheld, Plaintiff's sole remedy is a civil suit against the United States for a tax refund. None of the Defendants is the proper party for such a suit. Similarly, because all Defendants are private actors, Plaintiff states no claim under Sections 1983, 1985 or 1986.

██ Plaintiff also brings claims under state law for conversion of property, fraud, constructive fraud, breach of contract and extortion. The facts that Plaintiff alleges simply indicate his dissatisfaction with the Internal Revenue laws. They do not form the basis for any tort or contract action against any Defendant in this case.

Defendants included their Rule 11 motion with their motion to dismiss. Rule 11 requires that a motion for sanctions "be made separately from other motions or requests." Fed.R.Civ.P. 11. In addition, the motion shall not be filed with a court "within 21 days after service of the motion" on the party against whom the movant seeks sanctions. *Id.* The Court will therefore defer consideration of sanctions until Defendants file a separate motion.

.IT IS THEREFORE ORDERED THAT

(1) Plaintiff's motion for remand is DENIED; and

(2) Defendants' motion to dismiss is GRANTED.