[No. B123194. Second Dist., Div. Four. June 28, 2000.]

CRAIG RAYMOND FREIS, Plaintiff and Appellant, v.
STEVEN SOBOROFF, as President, etc., et al., Defendants and
Respondents.

**COUNSEL**

Law Offices of Robert D. Belshaw and Robert D. Belshaw for Plaintiff and Appellant.

James K. Hahn, City Attorney, Michael Claessens and Dion O'Connell, Deputy City Attorneys, for Defendants and Respondents.

**OPINION**

**VOGEL (C. S.), P. J.—**

### INTRODUCTION

Plaintiff and appellant Craig Raymond Freis appeals from a judgment in favor of defendants and respondents the City of Los Angeles and certain officials following the sustaining of a demurrer, without leave to amend, to plaintiff's complaint.

Plaintiff is the owner of certain gas and oil royalties payable by the City of Los Angeles. Because plaintiff refused to provide a Social Security number for the purpose of taxpayer identification, defendants withheld 31 percent of the payments as backup withholding for federal income taxes, as required by federal statutes and Internal Revenue Service regulations.

Plaintiff sued defendants, contending the withholding was wrongful. Plaintiff alleged the withholding constituted conversion of personal property,

breach of contract, and violation of plaintiff's federal civil rights. The last claim was based on plaintiff's religious objection to Social Security numbers, which he contends defendants should have accommodated. Defendants demurred on the grounds they were required by federal law and regulations to withhold 31 percent for federal taxes, and the federal requirement that plaintiff provide a Social Security number is not unconstitutional. The trial court sustained the demurrer on the grounds stated in defendants' papers.

We affirm.

## THE COMPLAINT

The complaint alleges that defendants required plaintiff to provide a Social Security number in order to receive his (full) royalty checks. Paragraph 6 of the third cause of action alleges that plaintiff does not have a Social Security number and chooses not to obtain one because of his sincerely held religious belief that such a number is the "mark of the Beast" referred to in scripture, and he "does not desire to volunteer into any system which would obligate him, as a Christian with sincerely held Holy Bible beliefs, to take the mark, and the number, of the Beast."

## STANDARD OF REVIEW

■ In determining whether the complaint alleges facts sufficient to state a cause of action, we treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) We also consider matters of which the court may or must take judicial notice (*ibid.*; Code Civ. Proc., § 430.30, subd. (a)), which in this case include statutes of the United States and regulations of the Internal Revenue Service (IRS). (Evid. Code, §§ 451, subd. (a), 452, subds. (a), (b).)

## DISCUSSION

■ Because federal law required defendants to withhold portions of the royalty payments for taxes, plaintiff cannot state a cause of action, such as conversion or breach of contract, against defendants. (*Otworth v. Southern Pac. Transportation Co.* (1985) 166 Cal.App.3d 452, 458-459 [212 Cal.Rptr. 743] [employee failed to file W-4 exempt certificate, and employee's subsequent certificate was disallowed by IRS which instructed employer to withhold taxes; no cause of action for conversion or breach of contract could be stated against employer, who acted pursuant to directives or regulations of the IRS].) Plaintiff cannot sue these local defendants as an indirect means

of attacking the federal law. The same statute which makes the city liable to the federal government for the payment of the tax exempts the city from liability to plaintiff for withholding it. (26 U.S.C.A. §§ 3403 ["[T]he employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment"], 3406(a)(1)(A), (b)(3)(E) [royalties are reportable payments subject to withholding when the payee fails to provide an identifying number]; *Bright v. Bechtel Petroleum, Inc.* (9th Cir. 1986) 780 F.2d 766, 770; *Edgar v. Inland Steel Co.* (7th Cir. 1984) 744 F.2d 1276, 1278 & fn. 2.) In yet additional ways federal law prohibits such suits and requires plaintiff to exhaust federal administrative remedies. (26 U.S.C.A. §§ 7421(a) [no suit for the purpose of restraining the assessment or collection of any tax shall be maintained], 7422(a) ["[N]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed"]; *Brennan v. Southwest Airlines Co.* (9th Cir. 1998) 134 F.3d 1405, 1409, 1410-1411 [federal law preempts suit against third party in state court on state law theories for the prevention or recovery of the withholding of federal taxes; payor who withholds taxes is a mere agent of the IRS]; *Burda v. M. Ecker Co.* (7th Cir. 1992) 954 F.2d 434, 439; *Northrup v. Whetstone* (W.D.N.C. 1998) 18 F.Supp.2d 1071, 1072.)

Plaintiff's third cause of action alleging violation of his constitutional right to free exercise of religion does not avoid the fatal defect that plaintiff has sued the wrong defendants in the wrong forum. *Burda v. M. Ecker Co., supra*, 954 F.2d at page 436, and *Northrup v. Whetstone, supra*, 18 F.Supp.2d at page 1071, both arose from the withholding of taxes based on the refusal of the taxpayer to provide an identifying number. Those courts upheld not only the removal of the action from state court because the plaintiff was in reality challenging the federal requirement for a taxpayer identifying number, but also the *dismissal* of the action because the plaintiff had failed to exhaust federal administrative remedies.

In any event, on the merits, it is not unconstitutional to require a taxpayer to provide a Social Security number, because the government's compelling interest in identifying taxpayers outweighs the incidental effect on the practice of religion. (See *Bowen v. Roy* (1986) 476 U.S. 693, 712 [106 S.Ct. 2147, 2158-2159, 90 L.Ed.2d 735] [Social Security number required as condition of receiving welfare benefits]; *Mullaney v. Woods* (1979) 97 Cal.App.3d 710, 727 [158 Cal.Rptr. 902] [same]; Annot. (1988) 87 A.L.R.Fed. 908.)

Plaintiff contends that defendants misinterpreted the federal law and could have avoided backup withholding on plaintiff's royalty payments. He contends he may sue on the theory that defendants did not follow the correct federal procedure. There is no merit to this contention.

Defendants' obligation to apply backup withholding is clear. Section 3406(a)(1)(A) of the Internal Revenue Code (26 U.S.C. § 3406) provides that if "the payee fails to furnish his TIN [taxpayer identifying number] to the payor in the manner required," "then the payor *shall deduct and withhold* from such payment a tax equal to 31 percent of such payment." (*id.*, § 3406(a)(1)(D), italics added.) Section 3403 of the Internal Revenue Code makes the payor liable to the federal government for the tax required to be withheld, and not liable to the payee for the amount withheld. The regulations make clear that in the case of a United States individual person, the taxpayer identifying number is the individual's Social Security number, which the taxpayer is obligated to obtain and furnish. (26 U.S.C.A. § 6109(a), (d); 26 C.F.R. § 301.6109-1(a), (b), (d) (1999).) According to the complaint, plaintiff has refused to furnish a Social Security number to defendants because plaintiff has a religious objection to obtaining one.

Plaintiff cites section 6724(a) of the Internal Revenue Code (26 U.S.C. § 6724) and the regulations in 26 Code of Federal Regulations part 301.6724-1(c) and (e) (1999). He erroneously concludes that instead of withholding 31 percent, defendants should merely have reported to the IRS that after they requested plaintiff to provide a taxpayer identifying number he failed to comply, and defendants could then seek relief from the IRS of any *penalties against defendants*. But section 6724(a) involves only relief from penalties "under this part." "This part" concerns failure to file information returns relating to (in this case) the taxpayer identifying number. (26 U.S.C.A. (1989) §§ 6721, 6724, pp. 623, 627; *id.*, pp. XXI-XXII [table of contents]; 26 C.F.R. § 301.6724-1 et seq. (1999)) These provisions do nothing to relieve the City of its obligation to *withhold* 31 percent for taxes on account of plaintiff's refusal to provide his Social Security number, or the City's liability for the amount required to be withheld. (26 U.S.C.A. §§ 3406, 3402, 3403.) Furthermore, plaintiff's argument impermissibly attempts to shift to defendants the burden and risks of asserting *plaintiff's* claim for a constitutionally based religious exemption from the federal laws requiring him to provide a Social Security number as his taxpayer identifying number. Plaintiff's real quarrel is with the requirements of the federal laws and regulations, and must be directed to the federal government, not these local defendants. (*Burda v. M. Ecker Co., supra*, 954 F.2d at pp. 438, 439; *Northrup v. Whetstone, supra*, 18 F.Supp.2d at p. 1072.)

As there is no reasonable probability plaintiff could amend the complaint to state a valid cause of action, the trial court properly sustained the demurrer without leave to amend. (*Blank v. Kirwan, supra*, 39 Cal.3d 311, 318-319; *Redmond v. Secure Horizons, Pacificare, Inc.* (1997) 60 Cal.App.4th 96, 100, 105 [70 Cal.Rptr.2d 174].)

## DISPOSITION

The judgment is affirmed.

Hastings, J., and Curry, J., concurred.